DELBELLO, DONNELLAN, WEINGARTEN
WISE & WIEDERKEHR, LLP
*Attorneys for Queen Elizabeth Realty Corp.*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200

HEARING DATE: 10/31/2013
@ 10:00 A.M.

ROBERT L. RATTET

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:                                                                          Chapter 11

QUEEN ELIZABETH REALTY CORP.,                       Case No. 13-12335 (SMB)

                                             Debtor.
------------------------------------------------------------x

MARGARET WU,                                                  (PARTIALLY REMOVED
                                                                              MATTER)
                                             Plaintiff,

PHILLIP WU,                                                         Adv. Proc. No. 13-01495

                                             Defendants.
------------------------------------------------------------x

DEAN K. FONG AS RECEIVER OF THE
PROPERTY OF PHILLIP WU,

                                             Plaintiff,

HONG KONG SUPERMARKET, INC., ET. AL.           Adv. Proc. No. 13-01496

                                             Defendants.
------------------------------------------------------------x

## RESPONSE OF QUEEN ELIZABETH REALTY CORP. TO COURT'S ORDER TO SHOW CAUSE REGARDING REMOVAL OF STATE COURT PROCEEDINGS

QUEEN ELIZABETH REALTY CORP., the above-captioned debtor ("QERC" or the

"Debtor",) by and through its undersigned attorneys, files this Response to the Court's Order to

Show Cause as to why Margaret Wu, Plaintiff, v. Phillip Wu, Adv. Proc. No. 13-01495 (the

"Divorce Action Partial Removal") and <u>Dean K. Fong as Receiver of The Property of Phillip Wu, Plaintiff, v. Hong Kong Supermarket, Inc., et. al</u>. Adv. Proc. No. 13-01496 (the "L & T Action") (collectively, where appropriate, the "Removed Actions" should not be remanded to, respectively, Supreme Court, New York County ("Supreme") and   Civil Court, New York County, Landlord/Tenant Part (the "L & T Court") ("Supreme" and "L& T Court respectively, where appropriate, the "State Courts").  In support of its Response, the Debtor respectfully states as follows:

## BACKGROUND

1.      The Debtor is in the business of owning a commercial condominium located at 157 Hester Street a.k.a. 68-82 Elizabeth Street, New York, New York, located in New York County (the "Real Property").

2.      On or about April 18, 1994 QERC was formed as a New York Corporation.

### A.  OWNERSHIP OF QERC

3.      As illustrated below, the cumulative weight of evidence demonstrates that Jeffrey Wu, Lewis Wu and Phillip Wu each have one-third (1/3) equity interests in QERC.

4.      Myint J. Kyaw a/k/a Jeffrey Wu ("Jeffrey Wu") was listed as the Chief Executive Officer in the Certificate of Incorporation.

5.      As part of a commercial mortgage transaction between QERC and Shanghai Commercial Bank ("Shanghai Bank") executed on June 6, 2008, Jeffrey Wu, Lewis Wu, and Phillip Wu delivered a document entitled "Directors' Certificate of Resolutions to Borrow and Incumbency of Queen Elizabeth Realty Corp" (hereinafter referred to as the "Directors' Certificate").  A copy of the Director's Certificate is annexed hereto as Exhibit "1".

6.	The Directors' Certificate was delivered to Shanghai Bank on June 6, 2008, and remains in the possession of Shanghai Bank. As part of the Directors' Certificate, Jeffrey Wu, Lewis Wu, and Phillip Wu each swore that they each owned a one-third equity interest in QERC as follows:

"WE FURTHER CERTIFY that the following individuals are the owners of the equity of the Company [Queen Elizabeth Realty Corp.] and that he owns the interest set forth opposite his name:

| NAME OF SHAREHOLDER | EQUITY HOLDING (OF ALL ISSUED SHARES) |
|---|---|
| Phillip Wu | 1/3 |
| Myint J. Kyaw a/k/a Jeffrey Wu | 1/3 |
| Lewis Wu | 1/3" |

7.	The Directors' Certificate was sworn to under oath on June 6, 2008, well before Phillip Wu's matrimonial litigation was initiated.

8.	Annexed hereto as Exhibit "2" is a copy an Affidavit of Chiu N. Wu (no relation to Jeffry Wu, Lewis Wu or Phillip Wu), Vice President of Shanghai (the "Shanghai Affidavit") that confirms that the Director's Certificate is genuine and was delivered ad part of the loan transaction.

9.	In the Shanghai Affidavit, Mr. Wu, Vice President at Shanghai Bank, stated that "[t]he loan documents executed in connection with the Directors' Certificate provide that any misrepresentation contained within the Directors' Certificate would constitute a default under the loan documents" and that the "loan documents between the [Shanghai Commercial Bank] and Queen Elizabeth Realty Corp. remain in full force and effect" and that the respective ownership interests in QERC have not changed since June 6, 2008.

10. Jeffrey Wu guaranteed QERC's obligations pursuant to the commercial mortgage and has made certain mortgage payments since QERC and Shanghai Bank executed the mortgage.

11. Jeffrey Wu has made and continues to make payments on behalf of QERC to Shanghai Bank, which included payments that were made after Dean Fong was appointed as the Receiver, specifically as receiver for Phillip Wu's business interests. This includes, _inter alia_, Phillip Wu's ownership interest in QERC.

12. Jeffrey Wu guaranteed and made the loan payments from QERC to Shanghai Bank because he has a one-third equity interest in QERC.

13. Neither Phillip Wu nor Receiver Fong has made any of the loan payments from QERC to Shanghai Bank.

14. Subsequent to incorporating in 1994, QERC entered into a number of agreements that reflect the shared and equal ownership interests of Jeffrey Wu, Lewis Wu, and Phillip Wu, including but not limited to:

a) On June 28, 1994, QERC entered into a mortgage and security agreement with Hester Property Corp., which was signed by Lewis Wu, as President, and Jeffrey Wu, as Vice-President, on behalf of QERC.

b) On December 14, 2000, QERC entered into a mortgage note with HSBC (lender), which was signed by Lewis Wu, as President, on behalf of QERC.

c) On May 1, 2001, QERC executed a guaranty for a loan between HSBC BANK (lender) and Foodmart International Corp. (borrower), which was signed by Lewis Wu on behalf of QERC.

d) On May 10, 2007, QERC, as landlord, entered into a lease agreement with New

Enterprise Realty, which was signed by Phillip Wu on behalf of QERC.

15.    QERC also issued Certificates of Ownership, pursuant to which Jeffrey Wu, Lewis Wu, and Phillip Wu each received ten (10) shares in QERC.

16.    In total, the cumulative weight of the documents relating to QERC and its business transactions conclusively demonstrate that Jeffrey Wu, Lewis Wu, and Phillip Wu have equal one-third equity interests in QERC.

B.    **THE DIVORCE ACTION AND THE RECEIVERSHIP**

17.    During 2009 Margaret Wu as Plaintiff commenced a divorce action against Phillip Wu in Supreme Court, New York County, Index Number 300080/09 (the "Divorce Action").

18.    In the Divorce Action, by Order date May 10, 2010 appointed Margaret Wu and Dean Fong were appointed as co-receivers of Phillip Wu's business and property interests. By Amended Order dated May 18, 2010 Dean Fong (hereinabove defined as "the Receiver") became the sole receiver of Phillip Wu's property.

19.    Lewis Wu and Jeffrey Wu, the other two (2) shareholders of QERC, were never served with notice of any proceeding that purported to allow the Receiver to take possession of the Real Property, assets and/or management of QERC.

20.    Notwithstanding the fact that the Receiver was only charged with the management of a one–third equity interest in QERC, the Receiver exercised dominion and control over three of QERC's tenants by means of collecting rents, obtaining consensual surrenders of leasehold or possessory interests and/or maintaining eviction proceedings and/or termination of leaseholds:

a)   Hong Kong Supermarket of Hester Corp. (hereinafter ("HKS") (the "HKS

Premises");

b) Salon De Tops (the "Salon De Tops Premises"); and

c) First Pharmaceutical Corp. (the "First Pharmaceutical Corp. Premises").

21.      QERC was thus deprived of due process by means of the Receiver seizing of control of the assets of QERC.

22.      The Receiver's proper role is limited to one as holder of a one-third equity interest in the Debtor.

23.      On July 24, 2012, the Receiver initiated eviction proceedings purportedly on behalf of QERC against the Debtor's tenant, HKS, in the Civil Court, City of New York, Index Number L&T 74045/2012 (the "Eviction Proceeding"). A copy of the Notice of Petition and Holdover Petition filed July 24, 2012 is annexed hereto as Exhibit "3" as part of the L & T Notice of Removal. The "Holdover Petition" states in relevant part as follows:

> 1. Petitioner was appointed by the Order of Appointment of the Hon. Sara Lee Evens dated May 10, 2010….and in that capacity in connection with the property known as **Queen Elizabeth Realty Corp.** was the owner of the commercial condominium known as 68-82 Elizabeth Street…..
> 2. Petitioner is entitled to possession of the premises sought to be recovered herein and further described below.
> 3. Upon information and belief Hong Kong Supermarket Inc. and Hong Kong Supermarket of Hester Street Corp. d/b/a Hong Kong Supermarket ("Respondents") are corporations organized and existing under the laws of the State of New York with an office for the conduct of its business located at 56-72 49th Place, Maspeth, New York 11378.
> 4. Upon information and belief Respondents were the subtenants of the premises sought to be recovered herein pursuant to a certain sublease by and between New Enterprise Realty, LLC as Sublandlord, and Respondents, as Subtenant (the "Lease").
> 5. Upon information and believe, New Enterprise Realty, LLC was the tenant of the premises sough to be recovered herein pursuant to the Master Lease between **Queen Elizabeth Realty Corp., as Landlord**, New Enterprise Realty, LLC as Tenant (the "Master Lease"). (emphasis supplied).

24.     The Receiver did not serve the Eviction Proceeding upon Lewis Wu and/or Jeffrey Wu.

25.     The Receiver did not, upon information and belief, serve the Eviction Proceeding upon the Debtor.

26.     Neither Lewis Wu, Jeffrey Wu nor the Debtor received due process and an opportunity to be heard in connection with the Eviction Proceeding.

27.     The Eviction Proceeding culminated in the Receiver himself and not the owner of the real property obtaining a money judgment in the amount of $3,256,600.00 and an accompanying warrant of eviction against HKS, the Debtor's tenant.

28.     The Judgment was improperly entered in the name of "Dean K. Fong Esq. as Receiver of the Property of Phillip Wu" and not in the corporate name of the property owner, the Debtor.  The eviction proceedings were commenced in the name of the Court Appointed Receiver as the Receiver of the interests of Phillip Wu.

29.     As discussed in detail below, the Receiver did not obtain any judgment piercing the corporate veil, or otherwise formally involve QERC in a proceeding in which its property was vitally and directly affected.

30.     Phillip Wu is merely a minority shareholder in a corporate entity that own real estate and thus Phillip Wu could never have had authority to commence an eviction proceeding as a party and the Receiver's securing for himself a judgment in his own name is nothing other than outright theft from QERC.

31.     Further, QERC is the titular owner of the real estate and QERC obviously should have been styled as the Petitioner in the Eviction Proceeding.

32.     The above-referenced Judgment effectively terminated the HKS lease, a major

asset of the Debtor's estate.

33.     The Receiver and/or the Marshal served a notice of eviction dated July 11, 2013.

34.     Also on July 11, 2013, Margaret Wu sought and obtained the entry of an Order to Show Cause dated July 11, 2013 (the "July 11, 2013 Order to Show Cause"), a copy of which is annexed hereto as Exhibit "4" as part of the Divorce Action Notice of Removal, which states in relevant part:

> LET the Defendant, PHILLIP WU, appear and show cause at IAS Part 51 of this Court at the Courthouse, located at 60 Centre Street, New York, New York 10007 on the 6th day of August, 2013 at 9:15 a.m. o'clock in the forenoon of that day or as soon thereafter as counsel can be heard, why an Order should not be made:
>
> *******************
>
> f. directing an immediate sale of the remaining marital property-to wit: the real estate holdings of QUEEN ELIZABETH REALTY;

35.     On July 17, 2013 QERC filed its petition under Chapter 11 of the Bankruptcy Code.

36.     On July 18, 2013, the Debtor removed the Eviction Proceeding to the U.S. District Court for the Southern District of New York, 1:13-cv-04988-KPF. This case was transferred to this Court as the L & T Removed Proceeding.  A copy of the Notice of the L & T Notice of Removal was previously annexed hereto as Exhibit "3".

37.     By letter dated July 26, 2013, a copy of which is annexed hereto as Exhibit "5", Receiver's counsel asserted the Receiver's intent to challenge the propriety of the Chapter 11 filing in Supreme. This letter states, in relevant part:

> The Receiver requests that this Court proceed with a conference/hearing on August 6, 2013 on the various matters pending before it, including the Receiver's application for commissions and the undersigned's application for counsel fees.

The Receiver's position is that Queen Elizabeth Realty Corp., in its entirety, is subject to his custody and control pursuant to tills Court's Order of Appointment and that the bankruptcy filing, done without his consent, knowledge or authorization, is improper for that reason and others.

38.     By letter dated July 30, 2013, which  is annexed hereto as Exhibit "6", QERC's counsel responded to Receiver's counsel's letter, asserting that the Bankruptcy Court has sole jurisdiction to determine the propriety of filings.

39.     On August 1, 2013 in order to preserve the Bankruptcy Court's exclusive right to determine issues relating to the Chapter 11 filing and the sale or use of QERC's property, QERC partially removed the Divorce Action to the U.S. District Court for the Southern District of New York, 1:13-cv-05394-KPF. This case was transferred to this Court as the Divorce Action Partial Removal.   A copy of the Notice of the Divorce Action Notice of Removal was previously annexed hereto as Exhibit "3".

40.     This Divorce Action Partial Removal made clear its limited status, that it was removing only those claims relating the QERC. The relevant portions of this Divorce Action Partial Removal states:

> 6. Thus, the only claims that QERC seeks to remove are those under which Plaintiff seeks directly to function on and liquidate property of QERC's estate, in violation of 11 U.S.C. §§541 and 362(a)(3).  The property interests with respect to which Plaintiff seeks to interfere and liquidate are discussed below.
> 7. QERC emphasizes that it takes no position on and does not intend to remove or interfere in any way with the divorce trial scheduled to commence August 6, 2013 or any of the other relief sought in the July 11, 2013 Order to Show Cause.

41.     No party has sought to remand either of the Notices of Removal.

## DISCUSSION

42.     The analysis must start with the statute, 28 U.S.C.A. § 1452(a) which reads:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a

governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

43.     The Court, on this basis, entered its own order to show cause as to whether to remand these adversary proceedings on the basis of whether or not "a party" removed them.

## A.   AN AFFECTED AND INTERESTED RELATED PARTY MAY REMOVE A PROCEEDING TO THE BANKRUPTCY COURT

44.     Cases are legion under which Bankruptcy and District Courts have allowed affected non-parties to remove matters to the Bankruptcy and District Courts, as related to bankruptcy proceedings. See, e.g. Matter of Pine Associates, Inc., 40 B.R. 683 (Bankr. D. Conn. 1984); Burns v. Grupo Mexico S.A. De C.V., 07 CIV. 3496 (WHP), 2007 WL 4046762 (S.D.N.Y. Nov. 16, 2007); In re Dublin Properties, 20 B.R. 616, 621 (Bankr. E.D. Pa. 1982) rev'd in part sub nom. Frankford Trust Co. v. Allanoff, 29 B.R. 407 (E.D. Pa. 1983); Foursquare Properties, Joint Venture I v. Akins Keyboard Sales, Inc., 54 B.R. 529, 530 (Bankr. W.D. Mich. 1985); and In re Bellucci, 9 B.R. 887, 889 (Bankr. D. Mass. 1981) ("It matters not that the trustee was not a party in the state court suit, since it is clear that as that suit might affect property of the estate, he is a party in interest."); ("In the particular circumstances of the State Court actions that are the subject of this proceeding, the fact that Hughes–Bechtol is not presently a party in two of these State Court actions does not prevent removal of those actions").

45.     These decisions have focused on the identity of the real party in interest in the litigation. There is no question that QERC is the real party in interest. The Court, in In re Dublin Properties, 20 B.R. 616, 621 (Bankr. E.D. Pa. 1982) rev'd in part sub nom. Frankford Trust Co. v. Allanoff, 29 B.R. 407 (E.D. Pa. 1983) stated:

> We find it unnecessary to determine that the debtor is entitled to remove the state court proceedings solely on the basis asserted by it-i.e., that it is the real

party in interest in those actions-because we find that there are other reasons to permit the removal. First, both banks, who are parties to the state court proceedings, have stated that they are in favor of the removal of those proceedings to the bankruptcy court. Second, since the debtor asserts that it is the real party in interest in the state court proceedings, as holder of a legal or equitable interest in the judgments, the debtor could have moved to intervene or to be substituted as a party in the state court proceedings. To hold that the debtor could not remove those proceedings to this court because it was not technically a party to those proceedings would be to exalt form over substance.

In re Dublin Properties, 20 B.R. 616, 621 (Bankr. E.D. Pa. 1982) rev'd in part sub nom. Frankford Trust Co. v. Allanoff, 29 B.R. 407 (E.D. Pa. 1983).

See also In re Wesco Products Co., 19 B.R. 908, 910 (Bankr. N.D. Ill. 1982) ("Though the Circuit Court action was originally removed by a non-party, Wesco, that mere technical defect does not mandate remand when the removing entity, though not a party, is a real party in interest in the removed action.[internal citations omitted]; Matter of Hughes-Bechtol, Inc., 107 B.R. 552, 558 (Bankr. S.D. Ohio 1989).

46.     In Burns v. Grupo Mexico S.A. De C.V., 07 CIV. 3496 (WHP), 2007 WL 4046762 (S.D.N.Y. Nov. 16, 2007) the Court stated:

Grupo Mexico argues that removal is improper because neither of the Asarco Parties was a Plaintiff when they filed their Notice of Removal. Although the Second Circuit has not addressed the issue, numerous courts have held that non-parties may remove an action in circumstances similar to those present in this case. See, e.g., Aetna Cas. & Surety Co. v. Dauria (In re Pine Assocs.), 40 B.R. 683, 686 (Bankr.D.Conn.1984) (allowing non-party debtor to remove a state court action because it "could have intervened and been made a party in the state-court proceeding"); Cincinnati Milacron Marketing Co. v. Ramirez (In re Wesco Prods. Co.), 19 B.R. 908, 910 (Bankr.N.D.Ill.1992) ( "Though the [state court] action was originally removed by a non-party ... that mere technical defect does not mandate remand when the removing entity, though not a party, is a real party in interest in the removed action"); Air Enters., Inc. v. Ohio Farmers Ins. Co. (In re Huehes-Bechtol, Inc.), 107 B.R. 552, 558 (Bankr.S.D.Ohio 1989) (holding debtor's status as a non-party did not prevent it from removing state court actions); Frankford Trust Co. v. Allanoff (In re Dublin Properties), 20 B.R. 616, 621 (Bankr.D.Pa.1982) ("To hold that the debtor could not remove those proceedings to this court because it was not technically a party to those proceedings would be to exalt form over

substance."); <u>Parenteau v. Bellucci (In re Bellucci</u> ), 9 B.R. 887, 889
(Bankr.D.Mass.1981) ("It matters not that the trustee was not a party in
interest in the state court suit, since it is clear that as that suit might affect the
property of the estate, he is a party in interest."). Accordingly, this Court finds
that the Asarco Parties' non-party status does not bar them from removing this
action.

<u>Burns v. Grupo Mexico S.A. De C.V.</u>, 07 CIV. 3496 (WHP), 2007 WL
4046762 (S.D.N.Y. Nov. 16, 2007).

In <u>Burns, Id.</u> Asarco was Non-parties Asarco LLC ("Asarco") and Southern Peru Holdings, LLC

("SPH") (collectively, the "Asarco Parties") move to substitute themselves as Plaintiffs in the

action, in which certain creditors  of Asarco, prior to its Chapter 11 filing, sought to recover

fraudulent conveyances.  The Court  found "that the Asarco Parties' non-party status does not bar

them from removing (the )action."

47.      In  <u>Pine Associates, Id.</u> three non-party indemnitors to a general contractors' bond

removed an action commenced by Aetna in Connecticut Superior Court.  The Debtor, a

corporation and primary obligor, was not named in the lawsuit, The Debtor removed the action

to the Bankruptcy Court under the former removal statute, 28 U.S.C. §1478[1]. Aetna sought

remand, partially on the basis that the Debtor and not any party to the lawsuit removed the

action.  The Court denied the remand motion, stating:

> A proceeding can only be removed to the bankruptcy court if the proceeding
> is within the jurisdiction of the bankruptcy court. <u>See</u> 28 U.S.C. § 1478(a).
> Aetna argues that this proceeding is not within the subject-matter jurisdiction
> of this court because a proceeding against a Title 11 debtor's guarantor or
> indemnitor is not "related to" the Title 11 case within the meaning of 28
> U.S.C. § 1471(b).
>
> This argument has previously been rejected by a bankruptcy court in this
> district in a similar situation. In <u>Plessey Precision Metals, Inc. v. The Metal
> Center, Inc. (In re The Metal Center, Inc.),</u> 31 B.R. 458 (Bkrtcy.D.Conn.1983)
> (Shiff, B.J.), the plaintiff had instituted a prepetition suit against debtor and its

---

[1] 28 USC. §1452 differs from 28 U.S.C. §1478 primary in its reference to removal to the District Court. These
Removal Notices were both initially directed to the District Court which transferred the proceedings to the
Bankruptcy Court

guarantor. When debtor removed the proceeding, plaintiff argued its claim against debtor's guarantor was not removable because the bankruptcy court lacked jurisdiction over that claim.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

After a review of the cases, I concur with Judge Shiff's holding that a proceeding against a debtor's surety is "related to" the debtor's Title 11 case within the meaning of 28 U.S.C. § 1471(b). Therefore, this proceeding is removable under 28 U.S.C. § 1478(a).

<u>Matter of Pine Associates, Inc.</u>, 40 B.R. 683, 686-87 (Bankr. D. Conn. 1984)

48.     Thus, case law establishes that the Court look not only to formal party status, but what entities are truly affected by state court activity, to determine propriety of removal.

## B.  **THE DEBTOR IS A PARTY TO THIS PROCEEDING IN SUBSTANCE AND <u>UNDER NEW YORK LAW</u>**

49.     The Debtor was indeed a  party by virtue of 11 U.S.C. §102(2) which reads: (2) "claim against the debtor" includes claim against property of the debtor;

50.     The Bankruptcy Code provides further support for the Debtor's position. The "rules of construction" of the Bankruptcy Code are set forth in 11 U.S.C. §102.  11 U.S.C. §102(2), relevant to this matter states:

"(C) laim against the debtor" includes claim against property of the debtor;

51.     This means that even if the Debtor is not directly involved in a transaction, if the claim is asserted against the property of the Debtor, the Debtor is subject to another party's claim and thus has "party" status. The Court, in <u>Johnson v. Home State Bank</u>, 501 U.S. 78, 86, 111 S. Ct. 2150, 2155, 115 L. Ed. 2d 66 (1991) stated:

The legislative history surrounding § 102(2) directly corroborates this inference. The Committee Reports accompanying § 102(2) explain that this rule of construction contemplates, <u>inter alia,</u> "nonrecourse loan agreements where the creditor's only rights are against property of the debtor, and not against the debtor personally."

Johnson v. Home State Bank, 501 U.S. 78, 86, 111 S. Ct. 2150, 2155, 115 L. Ed. 2d 66 (1991)

52.     See also Matter of Foxcroft Square Co., 184 B.R. 671, 676 (E.D. Pa. 1995) ("Section 102(2) states: "In this title ... 'claim against the debtor' includes claim against property of the debtor." 11 U.S.C. § 102(2) (1993)" (citing Johnson, Id.).  By virtue of federal law, then, Margaret Wu's assertion of a claim against the Debtor's property makes the Debtor a party to the matter for removal purposes.

53.     With regard to the Divorce Action Notice of Removal, Margaret Wu was seeking to liquidate property of QERC against which she lacked a secured or even unsecured claim. Thus, her assertion of a claim against the QERC property was a "claim" within the meaning of the Bankruptcy Code.

54.     Similarly with regard to the L & T Action Notice of Removal the Receiver was seeking to directly operate and function on property of QERC, a corporation only one-third owned by Phillip Wu, a shareholder and subject of the receivership.

55.     If both parties were claimants to property of QERC, under 11 U.S.C. §102(2) they were claimants against QERC.

56.     The Court, in Argersinger's Dep't Store, Inc. v. Shapiro Bros. Co., Inc., 115 Misc. 2d 850, 852, 454 N.Y.S.2d 813, 814 (Sup. Ct., Fulton County 1982) stated:

> Independent relief against non-parties to an action is not available by way of a motion which does not confer jurisdiction over the non-parties. Generally, a motion is merely a procedural step within an action or special proceeding. It is not an appropriate vehicle for relief other than the remedy sought in the underlying action or special proceeding. (See 1 Weinstein-Korn-Miller, N.Y.Civ.Prac., par. 103.06; 2A Weinstein-Korn-Miller, N.Y.Civ.Prac., par. 2211.02.) Here both the complaint and the counterclaim pray for performance by the parties. The motion seeks to compel performance by a non-party. It cannot be done.

_Argersinger's Dep't Store, Inc. v. Shapiro Bros. Co., Inc._, 115 Misc. 2d 850, 852, 454 N.Y.S.2d 813, 814 (Sup. Ct. 1982).

57.     CPLR Section 103 states:

**(a) One form of action.** There is only one form of civil action. The distinctions between actions at law and suits in equity, and the forms of those actions and suits, have been abolished.
**(b) Action or special proceeding.** All civil judicial proceedings shall be prosecuted in the form of an action, except where prosecution in the form of a special proceeding is authorized. Except where otherwise prescribed by law, procedure in special proceedings shall be the same as in actions, and the provisions of the civil practice law and rules applicable to actions shall be applicable to special proceedings.
**(c) Improper form.** If a court has obtained jurisdiction over the parties, a civil judicial proceeding shall not be dismissed solely because it is not brought in the proper form, but the court shall make whatever order is required for its proper prosecution. If the court finds it appropriate in the interests of justice, it may convert a motion into a special proceeding, or vice-versa, upon such terms as may be just, including the payment of fees and costs.

58.     QERC is entitled to treatment as an independent party and a separate person. See, e.g. General Construction Law §37 ("The term person includes a corporation and a joint-stock association."). For both Removals, then, QERC should, for purposes of 28 U.S.C. §1452, be treated as a "party."

## C. <u>OPPOSITION TO REMAND OF THE DIVORCE ACTION</u>

59.     In this case, the Debtor was made a party to the underlying actions in State Court by the tactics of Margaret Wu.  She sought, in the context of the Divorce Action, to seek relief selling the Debtor's assets. Specifically, she sought and obtained the entry of the July 11, 2013 Order to Show Cause (Annexed as part of Exhibit "3").

60.     The procedural context that Margaret Wu was following was and is unclear. QERC was not a party to the matrimonial and in fact the Court, in the Divorce Action, indicated that intervention by a non-divorcing party is "almost never" granted.  Since the rights of a new party, QERC were implicated, an action or special proceeding involving QERC was necessarily

required. Margaret Wu was attempting to sell QERC's assets even though her estranged

husband, Phillip Wu, was only a one-third shareholder of QERC.  Thus, any effort to bring

QERC's assets into the ambit of the Divorce Action made QERC a "party" for 28 U.S.C. §1452

purposes.

61.     QERC could simply not risk that the relief sought in the July 11, 2013 Order to

Show Cause (Annexed as part of Exhibit "3") would be granted, since QERC would be faced

with a recitation of the decisions in <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S.

280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413,

44 S.Ct. 149, 68 L.Ed. 362 (1923) (the "Rooker-Feldman Doctrine") to the effect that a state

court, even one with questionable jurisdiction, had already rendered its decision.

62.     Since the July 11, 2013 Order to Show Cause (Annexed as part of Exhibit "3")

sought to liquidate the property of a non-party to the Divorce Action, this Court should treat the

July 11, 2013 Order to Show Cause (which effectively what was removed) as a special

proceeding or new action, and treat QERC as a party for purposes of 28 U.S.C. §1452.

63.     In its letter dated July 26, 2013 (Exhibit "5") the Receiver indicated its intent to

proceed with relief affecting QERC's property, and challenging the Chapter 11 filing.

64.     As expressed in its correspondence dated July 30, 2013 QERC's counsel asserted

that this Court has sole jurisdiction over the Debtor's property, and determination of the

propriety of the initial filing.

65.     The bankruptcy court has the sole jurisdiction to determine the propriety of a Chapter

11 filing.  See, e.g. <u>Matter of Cash Currency Exch., Inc.</u>, 762 F.2d 542, 552 (7th Cir. 1985); <u>In re</u>

<u>Cent. Mortgage & Trust, Inc.</u>, 50 B.R. 1010, 1020 (S.D. Tex. 1985); <u>In re Taub</u>, 438 B.R. 39, 48

(Bankr. E.D.N.Y. 2010).  The Court, in <u>Cash Currency,</u> <u>Id.</u> stated: "<u>As</u> the Director concedes, a

corporation may not be precluded by state law from availing itself of federal bankruptcy law.

International Shoe Co. v. Pinkus, 278 U.S. 261, 49 S.Ct. 108, 73 L.Ed. 318 (1929). Title 11 suspends the operation of state insolvency laws except as to those classes of persons specifically excluded from being debtors under the Code."

66.     See also In re S & S Liquor Mart, Inc., 52 B.R. 226, 227 (Bankr. D.R.I. 1985) ("it is fundamental that a state court receivership proceeding may not operate to deny a corporate debtor access to the federal bankruptcy courts"); In re Taub, 438 B.R. 39, 48 (Bankr. E.D.N.Y. 2010) ("But that is not the end of the analysis. As the Palmer court observed, "[w]hile the matrimonial court is uniquely qualified to determine the nature and the extent of that [equitable distribution] entitlement, this court is exclusively authorized to adjudicate the impact of that entitlement upon any property subject to the claims of other creditors of the estate." In re Palmer, 78 B.R. 402, 406 (Bankr.E.D.N.Y.1987). See In re Cole, 202 B.R. at 362").

67.     The Court in In re Pruitt, 401 B.R. 546, 552-53 (Bankr. D. Conn. 2009) stated:

> In light of the foregoing, and as illustrated by the discussion below, it is patent that, at a minimum, Congress has fully "occupied the field" of debtor-creditor relations in bankruptcy, and that, as such, preemption of state law concepts within bankruptcy cases is now comprehensive. As the Ninth Circuit Court of Appeals has insightfully observed—
>
>> [A] mere browse through the complex, detailed, and comprehensive provisions of the lengthy Bankruptcy Code ... demonstrates Congress's intent to create a whole system under federal control which is designed to bring together and adjust all of the rights and duties of creditors and embarrassed debtors alike. While it is true that bankruptcy law makes reference to state law at many points, the adjustment of rights and duties within the bankruptcy process itself is uniquely and exclusively federal.
>>
>> MSR Exploration, Ltd. v. Meridian Oil, Inc., 74 F.3d 910, 914 (9th Cir.1996) (emphasis supplied; footnote omitted).
>
> In re Pruitt, 401 B.R. 546, 552-53 (Bankr. D. Conn. 2009)

68.     By virtue of the contents of the July 11,2 013 Order to Show Cause, and the letter

of Receiver's counsel dated July 26, 2013 the Debtor was in substance being treated as a party to

the Divorce Action, thus implicating 28 U.S.C. §1452.

69.     Under 28 U.S.C. §1452 it is **claims** that are removed.  It is not necessary to

remove the entire action. See, e.g. Lead I JV, LP v. N. Fork Bank, 401 B.R. 571, 588 (E.D.N.Y.

2009):

> This case was removed pursuant to 28 U.S.C. § 1452(a), which provides in
> relevant part:
>
>> A party may remove any claim or cause of action in a civil action
>> ... to the district court for the district where such civil action is
>> pending, if such district court has jurisdiction of such claim or
>> cause of action under section 1334 of this title.
>
> 28 U.S.C. § 1452(a). According to this provision, "[a] party may remove any
> claim or cause of action." Id. (emphasis added). As explained by one court:
>
>> This indicates that removal under this provision is not an all-or-
>> nothing proposition. Section 1452 permits a party to remove only
>> some of the claims or causes of action and to leave the remainder
>> for litigation in the other forum. It alternatively permits a party to
>> remove all of the claims or causes of action, thereby depriving the
>> other forum of any jurisdiction over them unless and until they are
>> remanded.
>> In re Northwood Flavors, Inc., 202 B.R. 63, 67
>> (Bankr.W.D.Pa.1996) (citing In re Princess Louise Corp., 77 B.R.
>> 766, 771 (Bankr.C.D.Cal.1987)) (noting that § 1452 provides
>> flexibility to the removing party that is not available for the non-
>> bankruptcy removal to federal district court").
>
> Given the flexibility afforded to removals under § 1452(a), the Court finds
> that the fact that it is required to abstain over the main action does not require
> remand of the third-party action as well.
>
> Lead I JV, LP v. N. Fork Bank, 401 B.R. 571, 588 (E.D.N.Y. 2009)

This Court, in In re New 118th LLC, 396 B.R. 885, 895 (Bankr. S.D.N.Y. 2008) similarly

remanded only certain"Guarantee Claims" while retaining the balance of the action.

70.     The only claims that QERC purports to remove, in the Divorce Action, are those

relating to QERC. Thus, QERC contends that the removal was proper.

**D. <u>OPPOSITION TO REMAND OF THE L & T PROCEEDING</u>**

71. The Receiver, similarly without the benefit of formal process, has inserted himself as the "Petitioner" in the L & T Proceeding.

72. For the purposes of a holdover action, the Petitioner has inserted himself as the "landlord" while conceding in that "**<u>Queen Elizabeth Realty Corp.</u>** was the owner of the commercial condominium known as 68-82 Elizabeth Street…"

73. While Petitioner, the Receiver, has neither named QERC as a respondent nor obtained its participation as a petitioner, the Receiver is seeking to take serious and adverse action with respect to a valuable contract of Estate.

74. QERC's lease with HKS and its cash flow are vital to compliance with the Cash Collateral Order entered by this Court on September 23, 2013 and the protection of creditor interests of Shanghai Commercial Bank ("Shanghai Bank").

75. Since the L & T Proceeding vitally affects the interests of QERC and its creditors, QERC contends that the removal was proper.

**WHEREFORE,** the Debtor seeks the retention of the claims in both f the Removed

Actions relating to QERC property in this Court, together with such other relief as is just under

the circumstances.

Dated: White Plains, New York
      October 25, 2013

                     Respectfully submitted,

                     DELBELLO DONNELLAN WEINGARTEN
                     WISE & WIEDERKEHR, LLP
                     Attorneys for the Debtor
                     One North Lexington Avenue
                     White Plains, New York 10601
                     (914) 681-0200

                     By:   /s/ Robert L. Rattet
                            _____
                            Robert L. Rattet

**EXHIBIT "1"**

# DIRECTORS' CERTIFICATE OF RESOLUTIONS
# TO BORROW AND INCUMBENCY

## OF

## QUEEN ELIZABETH REALTY CORP.

WE HEREBY CERTIFY to Shanghai Commercial Bank Ltd., New York Branch (the "Bank") that at a meeting duly called and held by the Board of Directors, by written consent of the Directors of Queen Elizabeth Realty Corp., a New York corporation (the "Company"), the following resolutions were duly adopted on June 6, 2008:

RESOLVED, that the Company borrow from the Bank the principal sum of up to Four Million and 00/100 (US$4,000,000.00) United States Dollars, upon such terms as the officer hereinafter authorized shall deem proper.

RESOLVED FURTHER, that Phillip Wu, the President of the Company ("Authorized Officer") is authorized, directed and empowered, in the name and on behalf of the Company, (i) to negotiate the loan herein authorized, (ii) to execute and deliver to the Bank, and the Bank is requested to accept, the notes, instruments and documents evidencing the indebtedness of the Company for the monies so borrowed, or to be borrowed, with interest thereon, and (iii) to perform all acts and execute and deliver all instruments and agreements in writing which the Bank may deem necessary to carry out the purposes of this resolution, and the Authorized Officer is authorized from time to time to execute renewals or extensions of said notes, instruments and documents.

RESOLVED FURTHER, that the Authorized Officer is authorized, directed, and empowered, as security for any indebtedness of the Company to the Bank, whether arising pursuant to this resolution or otherwise, to grant a security interest in, or to pledge, mortgage or otherwise hypothecate to the Bank, any property belonging to the Company and to execute and deliver to the Bank any and all credit agreements, security agreements, trust receipts, pledge agreements, assignments, mortgages, and other hypothecation agreements, which agreements, instruments and other documents referred to in the preceding paragraph may contain such provisions, covenants, recitals and agreements as the Bank may require and the Authorized Officer may approve, the execution thereof by said Authorized Officer is conclusive evidence of such approval.

RESOLVED FURTHER, that the Bank is authorized to act upon these resolutions which shall continue in full force and effect until written notice of their revocation or amendment is delivered to the Bank, and that the authority hereby granted shall apply with equal force and effect to the successors in office of the Authorized Officer herein named; provided, however, receipt of such notice shall not affect any action taken by the Bank prior thereto.

RESOLVED FURTHER, that the authority given hereunder shall be deemed retroactive and the acts hereunder performed prior to the passage of these resolutions are hereby ratified and affirmed.

WE FURTHER CERTIFY that said resolutions are still in full force and effect and have not been amended or revoked, and that the following specimen signature is the signature of the duly elected Authorized Officer authorized to sign for the Company by virtue of these resolutions:

68564-1/00450-040

| TITLE | NAME | SIGNATURE |
|-------|------|-----------|
| President | Phillip Wu | |

SIGNATURE VERIFIED

WE FURTHER CERTIFY that the Company is duly organized, validly existing and in good standing under and by virtue of the laws of the State of New York; that there is no provision in the organization documents of the Company limiting the authority of the Board of Directors to adopt the foregoing resolutions or requiring approval of such resolutions by the vote or consent of any other parties; that the Company has the power to own its property and carry on its business as now being conducted; and that to the date hereof, no proceedings for the dissolution, liquidation, consolidation or merger have been instituted by or against the Company.

WE FURTHER CERTIFY that the following individuals are the owners of the equity of the Company and that he owns the interest set forth opposite his name:

| NAME OF SHAREHOLDER | EQUITY HOLDING (OF ALL ISSUED SHARES) |
|---------------------|---------------------------------------|
| Phillip Wu | 1/3 |
| Myint J. Kyaw | 1/3 |
| Lewis Wu | 1/3 |

Facsimile transmissions of the signatures provided for below may be relied upon and shall have the same legal effect as the originals of such signatures. This document may be executed in counterparts.

IN WITNESS WHEREOF, we have hereunto set our hands as the Directors, as of the 6th day of June, 2008.

SIGNATURE VERIFIED

Phillip Wu

SIGNATURE VERIFIED

Myint J. Kyaw

SIGNATURE VERIFIED

Lewis Wu

**EXHIBIT "2"**

**AFFIDAVIT**

         <u>        Chiu N. Wu        </u>, being duly sworn, deposes and says:

1.      At all material times herein, I have been and remain a <u>     Vice President     </u> of Shanghai Commercial Bank Ltd., New York Branch. (hereinafter "the Bank");

2.      As part of a loan transaction, Queen Elizabeth Realty Corp. delivered a document entitled "Directors' Certificate of Resolutions to Borrow and Incumbency of Queen Elizabeth Realty Corp." (hereinafter "Directors' Certificate");

3.      The loan documents executed in connection with the Directors' Certificate provide that any misrepresentation contained within the Directors' Certificate would constitute a default under the loan documents;

4.      The Directors' Certificate delivered to the Bank and contained within the Bank's files was executed on June 6, 2008 and is two pages in length.  The Directors' Certificate was delivered to the Bank on or about June 6, 2008;

5.      The Directors' Certificate was executed by Phillip Wu, Myint J. Kyaw aka Jeffrey Wu and Lewis Wu.

6.      The Directors' Certificate provides that certain resolutions were duly adopted on June 6, 2008.

7.      The Directors' Certificate states the following regarding the ownership interests of Queen Elizabeth Realty Corp.:

1

WE FURTHER CERTIFY that the following individuals are the owners of the equity of the Company [Queen Elizabeth Realty Corp.] and that he owns the interests set forth opposite his name:

| NAME OF SHAREHOLDER | EQUITY HOLDING (OF ALL ISSUED SHARES) |
| --- | --- |
| PhillipWu | 1/3 |
| Myint J. Kyaw | 1/3 |
| Lewis Wu | 1/3 |

8.     Said loan documents between the Bank and Queen Elizabeth Realty Corp. remain in full force and effect as of the date of my execution of this affidavit.

9.     The Bank has not been advised that the ownership structure of Queen Elizabeth Realty Corp. has been changed in any way since June 6, 2008.

On the ___8th___ day of July in the year 2013 before me, the undersigned, a Notary Public in and for the State, personally appeared _____Chiu N. Wu_____ personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument.

Notary Public

WEN YU CAO
Notary Public, State of New York
No. 01CA6232345
Qualified in Queens County
Commission Expires December 6, 2014

2

**EXHIBIT "3"**

DELBELLO, DONNELLAN, WEINGARTEN
WISE & WIEDERKEHR, LLP
*Attorneys for Queen Elizabeth Realty Corp.*
*Party in Interest*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200



FILED

AUG – 1 2013

USDC WP SDNY

JONATHAN S. PASTERNAK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MARGARET WU,

Plaintiff,  District Court Index Number -

-against-  Supreme Court – New York
County Index No. 300080/09

PHILLIP WU,  **13 CV 5394**

Defendant,

----------------------------------------------------------------x

## NOTICE OF REMOVAL ONLY OF CLAIMS RELATING
## TO THE PERSON AND/OR PROPERTY OF QUEEN
## ELIZABETH REALTY CORP. AND NOT OF OTHER
## CLAIMS RELATING TO OTHER PROPERTY OF
## PLAINTIFF MARGARET WU OR
## DEFENDANT PHILLIP WU

### TO THE HONORABLE DISTRICT COURT JUDGE
### ASSIGNED TO THESE PROCEEDINGS:

QUEEN ELIZABETH REALTY CORP. ("QERC" or the "Debtor"), by its attorneys

DelBello, Donnellan, Weingarten, Wise & Wiederkehr, LLP, respectfully provides notice to this

Court of removal of the certain claims and causes of action arising in above-captioned special

proceeding from the Supreme Court of the State of New York, County of New York, to the

United States District Court for the Southern District of New York, and respectfully represents as follows:

1.      On July 17, 2013 QERC filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code, Case Number 13-12335 (SMB) (the "Chapter 11 Case"), and was continued in possession of its property and management of their affairs as debtors-in-possession pursuant to Sections 1107 and 1108 of the Code.

2.      During 2009, Plaintiff Margaret Wu commenced an action for a divorce against Defendant Phillip Wu (the "Divorce Action"). The Complaint and the Answer in the Divorce Action are not available to counsel for QERC. In addition owing to the Clerk's office rules and policies concerning confidentiality of matrimonial files, these pleadings cannot be filed in a manner that makes them available to the general public.

3.      On July 11, 2013 Plaintiff obtained the entry of an Order to Show Cause (the "July 11, 2013 Order to Show Cause") in the Divorce Action seeking relief, <u>inter alia</u>, "to compel "Defendant Phillip Wu… appear and show cause why an Order should not be made…..directing an immediate sale of the remaining marital property, to wit: the real estate holdings of QUEEN ELIZABETH REALTY."

**QERC IS ENTITLED TO REMOVE THESE CLAIMS AND
<u>NOT REMOVE ENTIRE ACTION</u>**

4.      28 U.S.C. §1452 states as follows:

(a) A party may remove **any claim or cause of action in a civil action** other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under

this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title. (emphasis supplied).

5.     QERC is of course well aware of the "domestic relations exception to diversity jurisdiction. See, e.g. <u>Rotolo v. Rotolo</u>, 682 F. Supp. 8, 10 (D.P.R. 1988).

6.     Thus, the only claims that QERC seeks to remove are those under which Plaintiff seeks directly to function on and liquidate property of QERC      's estate, in violation of 11 U.S.C. §§541 and 362(a)(3).   The property interests with respect to which Plaintiff seeks to interfere and liquidate are discussed below.

7.     <u>**QERC emphasizes that it takes no position on and does not intend to remove or interfere in any way with the divorce trial scheduled to commence August 6, 2013 or any of the other relief sought in the July 11, 2013 Order to Show Cause.**</u>

8.     The removal statute authorizes and indeed encourages removal of claims, as opposed to entire actions, where portions of the action relate to bankruptcy administration and other portions "have nothing to do with bankruptcy." See, e.g. <u>Ret. Sys. of Alabama v. Merrill Lynch & Co.</u>, 209 F. Supp. 2d 1257, 1264 (M.D. Ala. 2002).

9.     The C <u>Ret. Sys. of Alabama</u> , <u>Id.</u> Court stated:

> To reiterate, § 1452 reads, in pertinent part: "[a] party may remove any *claim or cause of action in a civil action* ...." (emphasis added). In the opinion of this court, it is a misreading of the plain language of § 1452 to interpret "claim or cause of action in a civil action" as authorizing "a party" to remove an entire case, a "civil action," from state court. If authorizing the removal of an entire case by any party asserting or defending against a claim related to a bankruptcy was the intent of Congress, why would it use language that markedly differs from that of § 1441(a) ("any civil action ... may be removed")? <u>**The more sensible reading seems to be that § 1452 authorizes a party to remove a particular "claim or cause of action" that touches on the administration of a bankruptcy estate, but not an entire "action" involving claims and other parties that may have nothing to do with the bankruptcy**</u>. (emphasis supplied).

<u>Ret. Sys. of Alabama v. Merrill Lynch & Co.</u>, 209 F. Supp. 2d 1257, 1264 (M.D. Ala. 2002).

10.     See also <u>McKinstry v. Sergent</u>, 442 B.R. 567, 578 (E.D. Ky. 2011) ("As the Retirement Systems court explains, the statute says only that a party may remove any "claim" or "cause of action," whereas § 1441 permits removal of a 'civil action.'").

11.     Thus, there is ample authority for removing only those claims directly and imminently affecting bankruptcy administration.

12.     The claims which QERC seeks to remove are within the "core proceeding" jurisdiction of the Bankruptcy Court within the meaning of 28 U.S.C §157(b)(2)(A), (B), (C), (L), (M) and (O) in that the action concerns (i) the disposition of property of the estate; (ii) determination of claims against property of the Estate and counterclaims against those parties; (iii) the ability of QERC to use its property; (iv) confirmability of any Plan submitted by QERC; and (v) the ability of QERC to timely proceed in its attempt to reorganize under Chapter 11 of the Bankruptcy Code.

## INCORPORATION OF CONFIDENTIAL
## PLEADINGS BY REFERENCE

13.     Owing to the Clerk's office rules and policies concerning confidentiality of matrimonial files, the underlying pleadings in the Divorce Action and July 11, 2013 Order to Show Cause and attachments cannot be filed in a manner that makes them available to the general public. Plaintiff, against whom this removal is sought, obtained the entry of the July 11, 2013 Order to Show Cause and is thus in possession of a copy of same. This Court and/or the Bankruptcy Court, upon referral, will be supplied a copy of the July 11, 2013 Order to Show Cause.

14.     The Summons and Complaint, and the July 11, 2013 Order to Show Cause, as

referenced herein, are the process and pleading within the meaning of 28 U.S.C. §1452.

15.    This Notice of Removal is being timely filed pursuant to Rule 9027 of the Federal

Rules of Bankruptcy Procedure.

**THE JULY 11, 2013 ORDER TO SHOW CAUSE DIRECTLY
AFFECTS QERC AND SEEKS TO EXERCISE CONTROL
OVER AND SUBSTANTIALLY SELL ALL OF THE
ESTATE'S PROPERTY AND THROUGH THE REMOVAL
SEEKS TO VINDICATE THE JURISDICTION OF THE
BANKRUPTCY COURT
<u>OVER PROPERTY OF THE ESTATE</u>**

16.    The relief sought in the July 11, 2013 Order to Show Cause seeks,  <u>inter</u> alia, "to

compel "Defendant Phillip Wu… appear and show cause why an Order should not be

made…..directing an immediate sale of the remaining marital property, to wit: the real estate

holdings of QUEEN ELIZABETH REALTY."

17.    QERC is the owner of a commercial condominium unit located at 157 Hester

Street a.k.a. 68-82 Elizabeth Street, New York, New York, located in New York County (the

"Real Property").

18.    QERC, as the owner of the Real Property, properly has standing to file this Notice

of Removal.

19.    Phillip Wu is a one-third shareholder of QERC.  Margaret Wu seeks to "equitably

distribute" estate assets, which are owned by QERC , in the context of the Divorce Action.

20.    Notwithstanding the fact that Phillip Wu owns only one-third of the equity

interests of QERC, and upon information and belief not of the Real Property owned by QERC,

Mr. Wu's court appointed Receiver has improperly exercised control over the Real Property to

the extent of obtaining the entry of a warrant of eviction and money judgment against <u>inter alia,</u>

Hong Kong Supermarket, Inc., an entity that supplies substantial rental income to QERC.

21.    Thus, QERC has commenced an adversary proceeding in the Bankruptcy Court

encaptioned <u>Queen Elizabeth Realty Corp. v. Dean K. Fong, Esq., as Receiver of the Property of</u>

<u>Phillip Wu, Phillip Wu (individually)  and  Margaret Wu (Individually, Adv. Proc. No. 13—</u>

<u>01386</u> on July 30, 2013 (the "Fong Adversary Proceeding").

22.    Paragraphs 9 through 14 of the Affirmation of Harvey S. Jacobs, attorney for

Plaintiff Margaret Wu, submitted in support of the July 11, 2013 Order to Show Cause states:

a) 9. This matter is scheduled for trial beginning August 6,2013. The court has directed
that the parties submit statements of proposed dispositions by July 22, 2013. Plaintiff
can guesstimate the nature of the marital property subject to equitable distribution
from the records maintained by the court appointed Receiver. From the Plaintiffs
perspective, absent Defendant's producing his financial documents, the remaining
marital asset of value is Defendant's ownership of QUEEN ELIZABETH
REALTY CORP., as determined by Referee Sugarman and Justice Evans.

b) 10. Defendant's failure to produce documents regarding QUEEN ELIZABETH
REALTY CORP. confirm the decisions of the court that the Defendant is the
owner of the property, the corporation and the real estate attached to the entity.

c) 11. Plaintiff seeks an order striking Defendant's pleadings and a further order
confirming the prior determinations of the court to the effect that **<u>QUEEN
ELIZABETH REALTY CORP. and its holdings are marital property and as
such subject to equitable distribution</u>**. EXHIBIT K, annexed, is the decision of
Referee Sugarman, rendered after a hearing in which it was determined that the
**<u>marital property identified in the hearing, including QUEEN ELIZABETH
REALTY CORP. was to be subject to a receivership</u>**.

d) 12. During the course of this proceeding, the Receiver has managed the real
property holdings of Q UEEN ELIZABETH REALTY CORP. Specifically, the
Receiver has been collecting the rent from the supermarket and the hair salon, the
pharmacy having vacated the premises.

e) 13 . On information and belief, based upon conversations with the Receiver,
DEAN K. FONG, ESQ., and the Receiver's attorney, SUZANNE M. BERGER,
ESQ., the hair salon has been regularly paying the agreed upon rent. The
supermarket has been in default of the rent demanded by the Receiver, resulting in
the Receiver having obtained a money judgment against the supermarket in the
sum of THREE MILLION TWO HUNDRED FIFTY SIX THOUSAND
($3,256,000) DOLLARS. (EXHIBIT L) (Exhibit not attached to these papers).

f) 14. The potential for the Receiver to collect the money judgment is minimal at

best. As Plaintiff has an equitable interest in the income generated from Defendant's business as well as in the money judgment rendered in favor of the Defendant through the Receiver, it is proposed that the only mechanism through which the Plaintiff can protect her equitable interest is through **an immediate sale of the QUEEN ELIZABETH REALTY CORP. real estate holdings and property so as to avoid a forced sale through bankruptcy or foreclosure**. Should the property be liquidated to preserve its value, the Plaintiff will avoid being prejudiced by the potential default of the super market tenant in paying the rent/use and occupancy and the money judgment. (emphasis supplied).

23.     Thus, Plaintiff, through the July 11, 2013 Order to Show Cause seeks to directly function on and liquidate the Estate's property.

24.     QERC intends, in the context of: a) this removed action; b) the Fong Adversary Proceeding; and c) another related matter removed to this Court from Civil Court, New York County, DEAN K. FONG, ESQ., as Receiver of the Property of Phillip Wu, Petitioner-Landlord. -against- HONG KONG SUPERMARKET, INC., and HONG KONG SUPERMARKET OF HESTER STREET CORP. d/b/a HONG KONG SUPERMARKET, Respondent-Tenant, -and- John Doe and John Doe Corp. 1-100, and John Doe and Jane Doe 1-100, such names being fictitious and unknown to petitioners, it being intended to name all other parties who may be in occupancy of or have some other premises hereinafter described, Respondents-Undertenants, to vindicate the exclusive power of the Bankruptcy Court to administer the assets of QERC's estate. In particular, the use, sale or lease of QERC's assets under 11 U.S.C. §363 is within the sole province of the Bankruptcy Court.  Similarly the Barnkputcy Court has sole authority, under 11 U.S.C. §§323, 1101, 1107 and 1108 to determine who has the right to manage and operate QERC.

25.     Pursuant to 28 U.S.C. Section 1334(d) and the permanent order of reference of the United States District Court for the Southern District of New York issued pursuant to 28 U.S.C. §157, the Bankruptcy Court has jurisdiction over the allowance and disallowance of

claims. Consequently, the above captioned action, which involves the disposition of property of QERC as well as the proper administration of QERC's bankruptcy estate, should be decided by the Honorable Judge assigned to these proceedings.

26. Bankruptcy Court determination of these issues is crucial. Specifically, the ability of QERC to reorganize is based upon the ability to receive rental income from the Real Property. It is essential that the Bankruptcy Court be in a position to adjudicate the extent of its property rights relative to the parties that are the Plaintiffs in this action.

27. Further, QERC will need to maximize the ability of stakeholders with an interest in QERC's survival to facilitate the confirmation of a Plan. This obviously will have a measurable impact on the Estate.

28. This action, as removed to this Court and referred to the Bankruptcy Court, is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. Section 1334, and is one which may be removed to this Court by QERC pursuant to the provisions of 28 U.S.C. Section 1452, in that the matter in controversy is a civil action related to a bankruptcy case.

29. Upon removal QERC will promptly seek to refer this matter to the Bankruptcy

Court.

Dated:    White Plains, New York
          August 1, 2013

                    DELBELLO, DONNELLAN, WEINGARTEN,
                    WISE & WIEDERKEHR, LLP
                    *Attorneys for Queen Elizabeth Realty Corp.*
                    *Party in Interest*
                    One North Lexington Avenue
                    White Plains, New York 10601
                    (914) 681-0200

                    By: _____
                        ROBERT L. RATTET



At a Term Part 51 of the Supreme Court of the State of New York held in and for the County of New York at the Courthouse thereof, located at 60 Centre Street, New York, New York 10007 on July // , 2013.

P R E S E N T :  Hon. Matthew J. Cooper
                  *Justice*

13M16988

----------------------------------------------------------

MARGARET WU,                     **Index No.: 300080/09**

                    **Plaintiff,**

        - against -              **ORDER TO SHOW CAUSE**

PHILLIP WU,

                    Defendant.

FEE PAID
JUL 10 2013
NEW YORK
COUNTY CLERK'S OFFICE

----------------------------------------------------------

**NOTICE:**    THE   PURPOSE   OF  THIS  MOTION  IS  TO PUNISH THE DEFENDANT FOR CONTEMPT OF COURT.  SUCH PUNISHMENT MAY CONSIST OF FINE OR IMPRISONMENT, OR BOTH, ACCORDING TO LAW.

**WARNING:**    YOUR FAILURE TO APPEAR IN COURT MAY RESULT IN YOUR IMMEDIATE ARREST AND IMPRISONMENT FOR CONTEMPT OF COURT.

Upon  reading and filing the annexed affirmation of HARVEY S. JACOBS, ESQ., affirmed on July 9, 2013 and upon all prior pleadings and proceedings had herein;

LET the Defendant, PHILLIP WU, show cause at ~~a Term~~ *appear and* /as. Part 51 of this Court

*Room 212*

at the Courthouse located at 60 Centre Street, New York, New York 10007 on the

*10* day of ~~July~~ *August* 2013 at ~~9:30~~ *9:15 AM* o'clock in the forenoon of that day or as soon

thereafter as counsel can be heard, why an Order should not be made:

a.    holding the Defendant in contempt for his failure to attend a

deposition as ordered by the court;

b.    striking the Defendant's pleadings; (CPLR 3126)

c.    precluding the Defendant from offering evidence with regard to

the financial issues and property subject to equitable distribution; (CPLR 3126)

d.    directing an inquest on the equitable distribution of marital

property;

e.    awarding counsel fee of $5,000.00;

f.    directing an immediate sale of the remaining marital property, to

wit: the real estate holdings of QUEEN ELIZABETH REALTY;

g.    and such other, further and different relief as is just.


LET service of a copy of this Order to Show Cause, together with a copy of

the papers upon which it is based, be served by overnight mail upon: Defendant,

PHILLIP WU to his attorney, THE LAW OFFICE OF ANTHONY A. CAPETOLA,

Two Hillside Avenue, Bldg C, Williston Park, New York 11596-2335;, counsel for

Receiver, SUZANNE M. BERGER, ESQ., BRYAN CAVE LLP, 1290 Ave of the Americas, New York, New York 10104; attorney for New Enterprise Realty-Hong Kong Supermarket, HUGH H. MO. ESQ., 225 Broadway, Suite - 2702, New York, New York 10007; attorney for Queen Elizabeth Realty, HAYES YOUNG, ESQ., 233 Broadway, Suite 2200, New York, NY 10279 on or before the _13_ day of July, 2013, shall be deemed good and sufficient service hereof.

Oral Argument
Directed  ✓
JSC

ENTER:

JUL 10 2013

Hon. Matthew J. Cooper
Justice of the Supreme Court

MATTHEW F. COOPER
JSC

MATTHEW F. COOPER
JSC

Opposition papers
July 26 2013

Reply July 31 2013
served & filed

All parties are directed to appear with their respective counsel
on the return date of the motion and on all subsequent court dates.

MATTHEW F. COOPER
JSC

**SUPREME COURT STATE OF NEW YORK**
**COUNTY OF NEW YORK**

---

MARGARET WU,

**Index No.: 300080/09**

**Plaintiff,**

**AFFIRMATION**
**IN SUPPORT**

- against -

PHILLIP WU,

**Defendant.**

Assigned to: Cooper, J.

---

STATE OF NEW YORK        )
COUNTY OF KINGS          ) ss.

HARVEY S. JACOBS, ESQ., an attorney admitted to practice law in the courts of the
state of New York, affirms under penalty of perjury:

1.     I am the attorney for the Plaintiff, am fully familiar with the facts and
circumstances of this matter and submit this affirmation in support of the Plaintiff's motion
which seeks an order: holding the Defendant in contempt for his failure to attend a deposition
as ordered by the court;  pursuant to CPLR §3126 striking the Defendant's pleadings,
precluding the Defendant from offering evidence with regard to the financial issues  and
property subject to equitable distribution, directing an inquest on the equitable distribution
of marital property; directing an immediate sale of the remaining marital property, to wit: the
real estate holdings of QUEEN ELIZABETH REALTY CORP. consisting of the retail stores
(supermarket, pharmacy, hair salon) located at 68-80 Elizabeth Street, New York, New York

1

which property is subject to a Receivership ordered by the court (Evans, J) .

2. By consent order dated May 14, 2013 (EXHIBIT A) the court directed that Plaintiff conduct a deposition of the Defendant on May 23, 2013 and May 30, 2013.

3. By notice dated May 16, 2013, Plaintiff demanded that Defendant produce certain financial documents relative to the conduct of his deposition. (EXHIBIT B)

4. The following events transpired thereafter:

• On May 17, 2013 deponent sought to confirm the May 23, 2013 deposition and the production of the documents. (EXHIBIT C)

• On May 22, 2013 in a telephone conversation, Defendant's counsel requested an adjournment of the May 23, 2013 deposition to May 30, 2013. (EXHIBITD). Deponent confirmed this request in writing and again requested that the documents sought by the May 16, 2013 demand be produced prior to the May 30, 2013 scheduled deposition, (EXHIBIT E) a request which counsel acknowledged. (EXHIBIT F)

• Defendant failed to produce the documents. On May 28, 2013 the Defendant's deposition and delivery of the requested documents scheduled for May 30, 2013 was adjourned to June 7, 2013. (EXHIBIT G)

• On June 5, 2013 Defendant's counsel requested a further adjournment of the June 7, 2013 deposition due to a family emergency. Counsel requested that the deposition take place on June 24, 2013. (EXHIBIT H)

• On June 19, 2013 Defendant's counsel again sought an adjournment of the June 24, 2013 deposition. (EXHIBIT I).

• On June 25, 2013 deponent responded that production of the documents was necessary prior to the scheduling of Defendant's deposition. (EXHIBIT J)

• On July 2, 2013, in a conversation with Defendant's counsel, deponent was again assured that the documents would be forthcoming.

5. Despite the adjournments as requested by the Defendant, Plaintiff's repeated demands for the production of documents and counsel's assurances that there would be compliance with the demand for the documents, Defendant has failed to appear for his deposition and has failed to produce the documents sought by the May 16, 2013 demand.

6. To date Defendant has not sought a protective order with regard to the Plaintiff's document demand and has neither produced the documents demanded nor appeared for his deposition.

7. Defendant has a history of flirting with danger, the danger which is the imposition of penalties by this court for his refusal to obey court orders.

8. On more than one occasion this court has pointed out to the Defendant the possibility of incarceration for his failure to obey court orders. In May 2012 the Defendant was faced with the possibility of incarceration for his failure to pay child support and maintenance. Apparently, Defendant does not appreciate the seriousness of his actions in ignoring court orders.

9. This matter is scheduled for trial beginning August 6, 2013. The court has directed that the parties submit statements of proposed dispositions by July 22, 2013. Plaintiff can guesstimate the nature of the marital property subject to equitable distribution

from the records maintained by the court appointed Receiver. From the Plaintiff's perspective, absent Defendant's producing his financial documents, the remaining marital asset of value is Defendant's ownership of QUEEN ELIZABETH REALTY CORP., as determined by Referee Sugarman and Justice Evans.

10.    Defendant's failure to produce documents regarding QUEEN ELIZABETH REALTY CORP. confirm the decisions of the court that the Defendant is the owner of the property, the corporation and the real estate attached to the entity.

11.    Plaintiff seeks an order striking Defendant's pleadings and a further order confirming the prior determinations of the court to the effect that QUEEN ELIZABETH REALTY CORP. and its holdings are marital property and as such subject to equitable distribution. EXHIBIT K, annexed, is the decision of Referee Sugarman, rendered after a hearing in which it was determined that the marital property identified in the hearing, including QUEEN ELIZABETH REALTY CORP. was to be subject to a receivership.

12.    During the course of this proceeding, the Receiver has managed the real property holdings of QUEEN ELIZABETH REALTY CORP. Specifically, the Receiver has been collecting the rent from the supermarket and the hair salon, the pharmacy having vacated the premises.

13.    On information and belief, based upon conversations with the Receiver, DEAN K. FONG, ESQ., and the Receiver's attorney, SUZANNE M. BERGER, ESQ., the hair salon has been regularly paying the agreed upon rent. The supermarket has been in default of the rent demanded by the Receiver, resulting in the Receiver having obtained a money judgment

4

against the supermarket in the sum of THREE MILLION TWO HUNDRED FIFTY SIX THOUSAND ($3,256,000) DOLLARS. (EXHIBIT L)

14.     The potential for the Receiver to collect the money judgment is minimal at best. As Plaintiff has an equitable interest in the income generated from Defendant's business as well as in the money judgment rendered in favor of the Defendant through the Receiver, it is proposed that the only mechanism through which the Plaintiff can protect her equitable interest is through an immediate sale of the QUEEN ELIZABETH REALTY CORP. real estate holdings and property so as to avoid a forced sale through bankruptcy or foreclosure. Should the property be liquidated to preserve its value, the Plaintiff will avoid being prejudiced by the potential default of the super market tenant in paying the rent/use and occupancy and the money judgment.

15.     Defendant has refused to obey the order of the court directing his appearance at a deposition and has willfully failed to produce the documents demanded (CPLR §3126).

        By his actions in refusing to attend the deposition and failing to produce the documents demanded, the court may issue an order: determining the issue of equitable distribution of the QUEEN ELIZABETH REALTY CORP., in favor of the Plaintiff (CPLR§3126[1]); prohibit Defendant from producing evidence at trial opposing Plaintiff's claims to the equitable distribution of marital property (CPLR§3126[2]); and render a judgment against the Defendant and in favor of the Plaintiff on Plaintiff's claims (CPLR§3126[3]).

5

"CPLR 3126 states that a court may sanction a party for willfully failing to comply with discovery, including precluding the party from producing in evidence designated things or items of testimony" (CPLR 3126[2])."Generally, the nature and degree of the penalty to be imposed pursuant to CPLR 3126 against a party who refuses to comply with court-ordered discovery is a matter within the discretion of the court" (Duncan v. Hebb, 47 AD3d 871 [internal quotation marks omitted]; see Byam v. City of New York, 68 AD3d 798, 801). Here, there was no evidence in the record showing that the Supreme Court improvidently exercised its discretion in issuing the order dated May 30, 2007, granting the wife's application to preclude the Defendant from offering financial evidence at the hearing on equitable distribution based on his willful failure to comply with discovery.(*Raville v. Elnomany*, 76 A.D.3d 520, 906 N.Y.S.2d 586 [2d Dept. 2010])

16.     Defendant's conduct by his failure to cooperate and willfulness in failing to disclose and to attend the deposition is deliberate and contumacious, so as to permit the court in the exercise of discretion to issue an order pursuant to CPLR §3126 (*Pryzant v. City of New York*, 300 A.D.2d 383, 383; *Kelleher v. Mt. Kisco Med. Group*, 264 A.D.2d 760)

It is further requested that Defendant be directed to pay counsel fees for this motion in the sum of $5000, as compensation for making this motion and repeatedly setting aside time for a deposition which defendant ignored.

17.     In his appearances before the court Defendant, and his counsel, claimed that Defendant has relocated to and is employed by his brother in Philadelphia PA, no longer residing in New York.

As Defendant's address is unknown it is requested that the court permit, direct, service of this order to show cause upon Defendant by overnight mail service to his attorney, ANTHONY A. CAPATOLA, ESQ.

6

18.     During the course of the proceedings motions and appearances have been made by counsel for entitles related to the Defendant and QUEEN ELIZABETH REALTY CORP., specifically, QUEEN ELIZABETH REALTY CORP and NEW ENTERPRISE REALTY (HONG KONG SUPERMARKET) which entities should be served with process as well.

19.     No prior application has been made for the relief herein sought. The rights of Plaintiff have been impeded, impaired, prejudiced + defeated. Sequestration would be ineffectual.
       WHEREFORE, it is respectfully requested that the court issue an order: holding the Defendant in contempt for his failure to attend a deposition as ordered by the court; pursuant to CPLR §3126 striking the Defendant's pleadings, precluding the Defendant from offering evidence with regard to the financial issues  and property subject to equitable distribution, directing an inquest on the equitable distribution of marital property; directing an immediate sale of the remaining marital property, to wit: the real estate holdings of QUEEN ELIZABETH REALTY CORP. consisting of the retail stores (supermarket, pharmacy, hair salon) located at 68-80 Elizabeth Street, New York, New York which property is subject to a Receivership ordered by the court  and any further  and different relief as to this court seems just.

                                                    HARVEY S. JACOBS, ESQ.

Affirmed this 9th day of July, 2013.

7

**EXHIBIT "4"**

DELBELLO, DONNELLAN, WEINGARTEN
WISE & WIEDERKEHR, LLP
*Attorneys for Queen Elizabeth Realty Corp.*
*Party in Interest*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200

JONATHAN S. PASTERNAK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
DEAN K. FONG, ESQ., as Receiver of the Property of
Phillip Wu,

Petitioner-Landlord.

-against-

HONG KONG SUPERMARKET, INC., and HONG
KONG SUPERMARKET OF HESTER STREET CORP.
d/b/a HONG KONG SUPERMARKET,

Respondent-Tenant,

-and-

John Doe and John Doe Corp. 1-100, and John Doe and
Jane Doe 1-100, such names being fictitious and unknown
to petitioners, it being intended to name all other parties
who may be in occupancy of or have some other premises
hereinafter described,

Respondents-Undertenants.

----------------------------------------------------------------x



JUDGE FAILLA

**13 CV 4988**

District Court Index Number -

Civil Court – New York County
Index No. L&T 74045/2012

## NOTICE OF REMOVAL

**TO THE HONORABLE DISTRICT COURT JUDGE
ASSIGNED TO THESE PROCEEDINGS:**

QUEEN ELIZABETH REALTY CORP., by its attorneys DelBello, Donnellan, Weingarten, Wise & Wiederkehr, LLP, respectfully provides notice to this Court of removal of the above-captioned special proceeding from the Civil Court of the City of New York, County of New York, to the United States District Court for the Southern District of New York, and respectfully represents as follows:

1.      On July 12, 2012 Petitioner DEAN K. FONG, ESQ., as Receiver of the Property of Phillip Wu, ("Petitioner") filed the Holdover Petition against the above-captioned Respondents and "John Doe" entities in Civil Court, New York County (the "State Court"), a copy of which is attached hereto as Exhibit "1". Annexed hereto as Exhibit "2" is a Verified Answer filed by Respondents Hong Kong Supermarket, Inc., ("HKS INC."), and Hong Kong Supermarket of Hester Street Corp. d/b/a Hong Kong Supermarket, ("HKS Hester Street"), (together, the "Respondents") dated August 2, 2012. "A Decision and Judgment was entered against Respondents on June 13, 2013 in the State Court Action, with a warrant of eviction to issue forthwith. A copy of the Decision and Judgment is annexed hereto as Exhibit "3". Upon information and belief, a warrant of eviction was issued by the Clerk of the civil Court. These are the process and pleading within the meaning of 28 U.S.C. §1452, and each document is annexed hereto.

2.      The Special Proceeding has been assigned Index Number 74045/2012 in the State Court.

3.      On July 17, 2013 Queen Elizabeth Realty Corp. (the "Debtor") filed a voluntary Chapter 11 petition in the United States District Court for the Southern District of New York,

and was assigned Case No. 13-12335, and was continued in possession of its property and management of their affairs as debtors-in-possession pursuant to Sections 1107 and 1108 of the Code.

4.      This Notice of Removal is being timely filed pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure.

5.      This action is a "core proceeding" within the meaning of 28 U.S.C §157(b)(2)(A), (B), (C), (L), (M) and (O) in that the action concerns (i) the disposition of property of the estate; (ii) determination of claims against property of the Estate and counterclaims against those parties; (iii) the ability of the Debtor to use its property; (iv) confirmability of any Plan submitted by the Debtor; and (v) the ability of the Debtor to timely proceed in its attempt to reorganize under Chapter 11 of the Bankruptcy Code.

6.      The Debtor is the owner of a commercial condominium unit located at 157 Hester Street a.k.a. 68-80 Elizabeth Street, New York, New York, located in New York County (the "Real Property").

7.      The Debtor, as the owner of the Real Property, is properly a "John Doe" party, and thus has standing to file this Notice of Removal.

8.      Phillip Wu is a one-third shareholder of the Debtor.     Petitioner is a Court-appointed receiver for Mr. Wu's property as the result of a matrimonial proceeding between Mr. Wu and his estranged wife.

9.      Notwithstanding the fact that Petitioner has control over only one-third of the equity interests of the Debtor, and upon information and belief not of the Real Property owned by the Debtor, Mr. Wu's court appointed Receiver has improperly exercised control over the Real Property to the extent of obtaining the entry of a warrant of eviction and money judgment against

Hong Kong Supermarket, Inc., an entity that supplies substantial rental income to the Debtor.

10.     Upon information and belief Petitioner has not been paying the secured mortgage debt on the Real Property owing to Shanghai Commercial Bank, Ltd. (the "Bank") and has otherwise acted in a manner inconsistent with the corporate interests of the Debtor.

11.     The Debtor intends, in the context of this removed action and likely other adversary proceedings, to seek an accounting and turnover of the rents collected by Petitioner, and to vacate the Warrant of Eviction and judgment and assert other claims for damages against Petitioner.

12.     Pursuant to 28 U.S.C. Section 1334(d) and the permanent order of reference of the United States District Court for the Eastern District of New York issued pursuant to 28 U.S.C. §157, the Bankruptcy Court has jurisdiction over the allowance and disallowance of claims. Consequently, the above captioned action, which involves the disposition of property of the Debtor as well as the proper administration of the Debtor's bankruptcy estate, should be decided by the Honorable Judge assigned to these proceedings.

13.     Bankruptcy Court determination of these issues is crucial. Specifically, the ability of the Debtor to reorganize is based upon the ability to receive  rental income from the Real Property. It is essential that the Bankruptcy Court be in a position to adjudicate the extent of its property rights relative to the parties that are the Plaintiffs in this action.

14.     Further, the Debtor will need to maximize the ability of stakeholders with an interest in the Debtor's survival to facilitate the confirmation of a Plan. This obviously will have a measurable impact on the Estate.

15.     This action, as removed to this Court and referred to the Bankruptcy Court, is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C.

Section 1334, and is one which may be removed to this Court by the Debtor pursuant to the provisions of 28 U.S.C. Section 1452, in that the matter in controversy is a civil action related to a bankruptcy case.

      16.    Upon removal the Debtor will promptly seek to refer this matter to the Bankruptcy Court.

Dated:    White Plains, New York
             July 17, 2013

                              DELBELLO, DONNELLAN, WEINGARTEN,
                              WISE & WIEDERKEHR, LLP
                              *Attorneys for Queen Elizabeth Realty Corp.*
                              *Party in Interest*
                              One North Lexington Avenue
                              White Plains, New York 10601
                              (914) 681-0200

                            By:_____
                                  JONATHAN S. PASTERNAK

EXHIBIT "1" AS PART OF EXHIBIT "4" –
NOTICE OF REMOVAL OF L & T ACTION

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: LANDLORD-TENANT

---------------------------------------------------X
DEAN K. FONG, Esq. as Receiver of the Property of
Phillip Wu,                                              :    Index No. L&T 12N074045

                Petitioner-Landlord,                    :

        - against -                                     :

                                                        :    HOLDOVER PETITION
HONG KONG SUPERMARKET, INC., and HONG
KONG SUPERMARKET OF HESTER STREET                       :
CORP. d/b/a HONG KONG SUPERMARKET,                      :    (Holdover/Commercial)

                157 Hester Street                       :    Petitioner's Business Address:
                a/k/a 68-80 Elizabeth Street,
                First Floor and Basement                :    212 Canal Street
                New York, New York 10013                :    Suite 404
                                                        :    New York, New York 10013
                Respondent-Tenant,                      :

        - and -                                         :

John Doe and John Doe Corp. 1-100, and John Doe        :
and Jane Doe 1-100, such names being fictitious and
unknown to petitioners, it being intended to name all  :
other parties who may be in occupancy of or have       :
some other premises hereinafter described,             :

                Respondents-Undertenants.               :
---------------------------------------------------X

TO THE CIVIL COURT OF THE CITY OF NEW YORK, COUNTY OF NEW YORK:

        Petitioner, Dean K. Fong, Esq., the Receiver for the property of Phillip Wu

("Petitioner"), by his attorneys, Bryan Cave LLP, as and for his verified petition alleges:

        1.      Petitioner was appointed by the Order of Appointment of the Hon. Sara

Lee Evans dated May 10, 2010 and amended by Order dated May 24, 2010, and in that capacity,

in connection with the property known as Queens Elizabeth Realty Corp. the owner of the

commercial condominium known as 68-82 Elizabeth Street. Copies of the Orders of

Appointment are attached hereto as Exhibit 1.

C073932/0312319/1628508.1

2. Petitioner is entitled to possession of the premises sought to be recovered herein and further described below.

3. Upon information and belief, Hong Kong Supermarket, Inc. and Hong Kong Supermarket of Hester Street Corp. d/b/a Hong Kong Supermarket ("Respondents") are corporations organized and existing under the laws of the State of New York with an office for the conduct of its business located at 56-72 49th Place, Maspeth, New York 11378.

4. Upon information and belief, Respondents were the subtenants of the premises sought to be recovered herein pursuant to a certain sublease by and between New Enterprise Realty, LLC, as Sublandlord, and Respondents, as Subtenant (the "Lease").

5. Upon information and belief, New Enterprise Realty, LLC was the tenant of the premises sought to be recovered herein pursuant to a Master Lease between Queens Elizabeth Realty Corp., as Landlord, and New Enterprise Realty, LLC as Tenant (the "Master Lease").

6. The Master Lease was terminated when the Marshal of the City of New York granted the Receiver legal possession of the premises sought to be recovered herein pursuant to a warrant of eviction issued in the summary proceeding captioned *New Enterprise Realty LLC v. Salon de Tops, Inc. and Denn K. Fong, Esq., as Receiver of the Property of Phillip Wu, Interpleader-Respondent*, Civil Court, New York County Index # 080075/10.

7. Upon information and belief, John Doe and John Doe Corp. Nos. 1-100 (the "Respondents-Undertenants") are now in possession of the premises sought to be recovered herein. Their identities are currently unknown to Petitioners.

2

8. The premises from which removal is sought are retail space on the 1st floor and basement of the Building located at 60-80 Elizabeth Street aka 157 Hester Street, New York, New York.

9. The Premises are situated within the territorial jurisdiction of the Civil Court of the City of New York, County of New York.

10. On May 9, 2012, Petitioner duly served a Notice to Quit on Respondent. A copy of the Notice to Quit with proof of service therein is annexed hereto as Exhibit 2.

11. It is now more than ten days since Petitioner served Respondents with the Notice to Quit. As Respondents have failed to quit and surrender the Premises to Petitioner, Respondents hold over and continue in possession of the said Premises without the permission of the Petitioner.

12. Respondents-Undertenants are in possession of the Premises sought to be recovered herein without the permission of Petitioner.

13. Additionally, Respondents have failed to pay rent or use and occupancy to Petitioner since March 1, 2012.

14. The Premises are a commercial condominium and are used by Respondents for commercial purposes.

15. The Premises are not subject to the Rent Control, Rent Stabilization or the Emergency Protection Act of 1974 because they are used for commercial purposes.

WHEREFORE, Petitioner-Landlord requests that a final judgment be entered awarding it possession of the Premises; that a warrant issue to remove Respondents from possession of the Premises; that Petitioner-Landlord be awarded a money judgment for use and occupancy for each month or part thereof Respondents remain in possession of the Premises

3

from and after March 1, 2012, in an amount to be determined at trial, but not less than $40,000 per month together with interest thereon, and late charges, and for such other and further relief as the Court may deem just and proper including, without limitation, the costs and attorneys' fees incurred in this proceeding.

Dated: New York, New York
July 2 , 2012

BRYAN CAVE LLP
*Attorneys for Petitioner-Landlord*

By: _____
Suzanne M. Berger
1290 Avenue of the Americas
New York, New York 10104
Tel: (212) 541-2000
Fax: (212) 541-4630

4

## VERIFICATION

STATE OF NEW YORK )
                  ) ss:
COUNTY OF NEW YORK )

DEAN K. FONG, being duly sworn, deposes and says:

1. I am the Petitioner herein.

2. I have read the Petition. The contents of the petition are true to deponent's own knowledge except as to those matters which are alleged upon information and belief. As to those matters, deponent believes them to be true.

3. The information stated above is from the books and records of the Petitioner.

4. I have authorized Bryan Cave LLP to commence this special proceeding.

4. I make this verification pursuant to RPAPL § 741 and CPLR § 3020(d).

_____
DEAN K. FONG

Sworn to before me this
12th day of June 2012

_____
NOTARY PUBLIC

LINDA J. LEE
Notary Public, State of New York
No. 01LE6013074
Qualified in Kings County
Commission Expires July 27, 20__

C073952/0312819/1.675608.1

5

At a Matrimonial Part 51 of the Supreme
Court of the State of New York, held in
and for the County of New York, at
The Courthouse located at 71 Thomas
Street, New York, New York, on May 11,
2010

PRESENT: Hon. SARALEE EVANS
Justice

---------------------------------------x

MARGARET WU,

                    Plaintiff,                          ORDER OF
                                                        APPOINTMENT

        -against-                                       Index No. 300980/09

PHILLIP WU,

                    Defendant.

---------------------------------------x

SARALEE EVANS, JSC

        WHEREAS the defendant in this matrimonial action is the nominal and/or beneficial

owners of several businesses, including Golden Bridge Restaurant, Elizabeth Street Wine and

Liquor Store, No 2 Dynasty Supermarket, and Queen Elizabeth Realty, all doing business in the

city and state of New York, and of real property, including Apartments 6B, 2R, and 2G located at

80 Elizabeth Street, New York, New York and 57.32nd Street, Brooklyn New York, and

        WHEREAS, on February 16, 2010, the parties stipulated to the appointment of plaintiff

Margaret Wu as co-receiver of Golden Bridge Restaurant and Elizabeth Street Wine and Liquor

Store, and

        WHEREAS a hearing was conducted before Special Referee Marilyn Sugarman on the

issue of the extent of defendant's ownership interests in the remaining properties and the need for

appointment of a receiver to protect plaintiff's equitable distribution interests therein, and

1.

WHEREAS, the Special Referee, after a hearing on the issues, concluded and recommended that plaintiff be appointed co-receiver of all properties, along with the appointment of a person selected from the Office of Court Administration from the Part 36, Eligible Fiduciary list to act as co-receiver with plaintiff; and

WHEREAS the Report and Recommendations of the Special Referee dated April 5, 2010 was confirmed by this court by Order of May 10, 2010;

IT IS HEREBY ORDERED that pursuant to CPLR §6401, plaintiff Margaret Wu, plaintiff herein, and Dean Fong Esq., with offices at 212 Canal Street, New York, N.Y. 10013 telephone (212) 406-1774, fax (212) 406-2172, are hereby appointed co-receivers of all of the assets and property of defendant as listed above, during the pendency of this action; and it is further

ORDERED that, upon co-receiver Dean Fong, Esq. executing in the usual form, and filing with the Clerk of the Court for the County of New York, an undertaking in the amount of $100,000, conditioned on the faithful discharge of his duties and the duty of accounting for all monies and property received by him as co-receiver, he and co-receiver Margaret Wu, who shall have no duty to file an undertaking, shall take possession of the businesses and property and shall take such steps as they in their discretion deem advisable consistent with their fiduciary duties, including the collection of all rents, income and revenues, and payment of mortgages, salaries, taxes and other obligations and liabilities attributable to the properties, to the end of preserving those assets for ultimate distribution to the parties in this action; and it is

ORDERED that defendant and his agents, employees, accountants and attorneys shall provide the Receivers with all bank records and/or documents in their possession relating to the

2

above listed businesses and records for the period of January 1, 2007 to the present date, and it is

further

ORDERED that defendant, his representatives, agents, servants, or employees and each of them are hereby enjoined and restrained from interfering in any manner with said Receivers; and is further

ORDERED that the co-receivers may incur at the expense of the parties, such costs and charges, and make such disbursements as may be actually necessary for executing the duties imposed by this order, including such legal and accountancy fees as are actually necessary, and that the receivers are authorized to institute and carry on all actually necessary legal proceedings to accomplish the duties imposed herein, and it is further,

ORDERED that the co-receivers shall inform the parties' attorneys of all such costs and charges and disbursements, including outside counsel and accountant's fees, as my be actually necessary to executed the duties imposed by this Order, including the co-receiver's customary fees, and it is further

ORDERED that the co-receivers, or either of them, may at any time apply to this court for an order or instructions or powers necessary to enable them to properly fulfill their duties hereunder, and it is further

ORDERED that the co-receivers shall continue to perform said duties until further order of this Court.

New York, N.Y.
May 11, 2010

ENTER:

_Saralee Evans_
J.S.C.

**HON. SARALEE EVANS**

Dean K. Fong, Receiver
212 Canal Street, Suite 404
New York, New York 10013

## TEN (10) DAY NOTICE TO QUIT

Pursuant to RPAPL § 735

TO: Hong Kong Supermarket, Inc.
Hong Kong Supermarket of Hester Street Corp. dba Hong Kong Supermarket
and to any and all persons or entities occupying the premises described below

RE: 157 Hester Street a/k/a 68 - 80 Elizabeth Street
First Floor and Basement
New York, New York 10013
(the "Premises")

PLEASE TAKE NOTICE that you and all other persons and/or entities
occupying the Premises are required to quit and vacate the Premises on or before May 21, 2012.
You are in possession of the Premises as a licensee of the Receiver who was appointed by the
Hon. Saralee Evans in the action captioned *Wu v. Wu*, New York County Index No. 300080/09,
on May 10, 2011. A copy of the Order of Appointment as amended is attached hereto.

As you were previously informed by letter dated April 17, 2012, the sublease
dated October 31, 2008 by and between Queen Elizabeth Realty Corp., as Landlord, and
New Enterprise Realty LLC, as Tenant, has terminated as a matter of law when your sub-
landlord was evicted by the City Marshal on March 1, 2012. Accordingly, your right to occupy
the Premises has ended and your license to occupy the Premises has been and is hereby formally
revoked.

PLEASE TAKE FURTHER NOTICE that unless you and all persons claiming
under you quit and vacate the Premises on or before May 21, 2012, the undersigned, as Receiver,
will take appropriate action including but not limited to commencement of summary
proceedings against you to remove you and all persons claiming under you from the Premises.

Dated: New York, New York
May 4, 2012

Dean K. Fong, Receiver
of the assets of Phillip Wu

Attachment

4079932/0312319/16749521

At a Matrimonial Part 51 of the Supreme Court of the State of New York, held in and for the County of New York, at The Courthouse located at 71 Thomas Street, New York, New York, on May 11, 2010

P R E S E N T: Hon. SARALEE EVANS
Justice

-------------------------------------------------X

MARGARET WU,

                        Plaintiff,

      -against-

PHILLIP WU,

                      Defendant.

-------------------------------------------------X

SARALEE EVANS, JSC

                           ORDER OF
                        APPOINTMENT

                        Index No. 308080/09

WHEREAS the defendant in this matrimonial action is the nominal and/or beneficial owners of several businesses, including Golden Bridge Restaurant, Elizabeth Street Wine and Liquor Store; No 2 Dynasty Supermarket, and Queen Elizabeth Realty, all doing business in the city and state of New York, and of real property, including Apartments 6B, 2F, and 2G located at 80 Elizabeth Street New York, New York and 37 82nd Street, Brooklyn New York, and

WHEREAS, on February 15, 2010, the parties stipulated to the appointment of plaintiff Margaret Wu as co-receiver of Golden Bridge Restaurant and Elizabeth Street Wine and Liquor Store, and

WHEREAS a hearing was conducted before Special Referee Marilyn Sugarman on the issue of the extent of defendant's ownership interests in the remaining properties and the need for appointment of a receiver to protect plaintiff's equitable distribution interests therein, and

1

WHEREAS, the Special Referee, after a hearing on the issues, concluded and recommended that plaintiff be appointed co-receiver of all properties, along with the appointment of a person selected from the Office of Court Administration from the Part 36, Eligible Fiduciary list to act as co-receiver with plaintiff; and

WHEREAS the Report and Recommendations of the Special Referee dated April 5, 2010 was confirmed by this court by Order of May 10, 2010;

IT IS HEREBY ORDERED that pursuant to CPLR §6401, plaintiff Margaret Wu, plaintiff herein, and Dean Fong Esq., with offices at 212 Canal Street, New York, N.Y. 10013 telephone (212) 406-1774, fax (212) 406-2172, are hereby appointed co-receivers of all of the assets and property of defendant as listed above, during the pendency of this action; and it is further

ORDERED that, upon co-receiver Dean Fong, Esq, executing in the usual form, and filing with the Clerk of the Court for the County of New York, an undertaking in the amount of $100,000, conditioned on the faithful discharge of his duties and the duty of accounting for all monies and property received by him as co-receiver, he and co-receiver Margaret Wu, who shall have no duty to file an undertaking, shall take possession of the businesses and property and shall take such steps as they in their discretion deem advisable consistent with their fiduciary duties, including the collection of all rents, income and revenues, and payment of mortgages, salaries, taxes and other obligations and liabilities attributable to the properties, to the end of preserving those assets for ultimate distribution to the parties in this action, and it is

ORDERED that defendant and his agents, employees, accountants and attorneys shall provide the Receivers with all bank records and/or documents in their possession relating to the

above listed businesses and records for the period of January 1, 2007 to the present date, and it is further

ORDERED that defendant, his representatives, agents, servants, or employees and each of them are hereby enjoined and restrained from interfering in any manner with said Receivers; and is further

ORDERED that the co-receivers may incur at the expense of the parties, such costs and charges, and make such disbursements as may be actually necessary for executing the duties imposed by this order, including such legal and accountancy fees as are actually necessary, and that the receivers are authorized to institute and carry on all actually necessary legal proceedings to accomplish the duties imposed herein, and it is further;

ORDERED that the co-receivers shall inform the parties' attorneys of all such costs and charges and disbursements, including outside counsel and accountant's fees, as my be actually necessary to execute the duties imposed by this Order, including the co-receiver's customary fees, and it is further

ORDERED that the co-receivers, or either of them, may at any time apply to this court for an order or instructions or powers necessary to enable them to properly fulfill their duties hereunder, and it is further

ORDERED that the co-receivers shall continue to perform said duties until further order of this Court.

New York, N.Y.
May 11, 2010

ENTER:

_Saralee Evans_
J.S.C.

HON. SARALEE EVANS

At a Matrimonial Part 51 of the Supreme Court of the State of New York, held in and for the County of New York, at The Courthouse located at 71 Thomes Street, New York, New York, on May 24, 2010

PRESENT: Hon. SARALEE EVANS
                                 Justice
-------------------------------------------x
MARGARET WU.

                                 Plaintiff

AMENDED
ORDER OF
APPOINTMENT

          -against-

Index No. 300080/00

PHILLIP WU.

                                 Defendant.
-------------------------------------------x
SARALEE EVANS, JSC

        WHEREAS plaintiff Margaret Wu has voluntarily resigned her appointment by this court as co-receiver of the businesses enumerated in the court's order of appointment dated May 11, 2010, and agrees that the person previously appointed co-receiver now act as sole receiver, it is

        ORDERED that Dean Fong Esq., with offices at 212 Canal Street, New York, N.Y. 10013 telephone (212) 406-1774, fax (212) 406-2172, who was previously appointed as co-receiver, is now appointed as sole receiver of the said businesses and property during the pendency of this action pursuant to the terms and requirements of this court's order dated May 11, 2010.

New York, N.Y.
May 24, 2010

ENTER:

_____
                    JSC

HON. SARALEE EVANS

1

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
                  : ss.:
COUNTY OF NEW YORK )

MICAH DOOLEY, being duly sworn, deposes and says:

1.   I am over 18 years of age, not a party to this action, and reside in Brooklyn, New York. My New York City process server's license number is 0775646.

2.   On Wednesday, May 8, 2012, at approximately 2:30 p.m., I served a TEN (10) DAY NOTICE TO QUIT on Hong Kong Supermarket Inc., located at 157 Hester Street aka 68-80 Elizabeth Street, First Floor and Basement, New York, New York 10013, by personally delivering and leaving a true copy thereof with Steven Truong, Manager, who acknowledged to me that he was duly authorized to accept such service.

3.   Mr. Truong may be described as a Asian male in his mid fifties with brown eyes, black and white hair mixed, weighing approximately 180 pounds, standing approximately 5'7" tall and wearing reading glasses.

4.   On Wednesday, May 9, 2012, at approximately 3:15 p.m., I served a TEN(10) DAY NOTICE TO QUIT on First Pharmaceutical Corp., d/b/a ABC Pharmacy located at 82 Elizabeth Street, New York, New York 10013, by personally delivering and leaving a true copy thereof with John Au, Owner, who acknowledged to me that he was duly authorized to accept such service.

5.   Mr. Au may be described as a Asian male in his thirties with black hair and brown eyes, weighing approximately 180 pounds, standing approximately 5'5" tall and wearing reading glasses.

6. In addition, on Thursday, May 10, 2012, I mailed a copy of the TEN (10) DAY NOTICE TO QUIT to Hong Kong Supermarket, Inc., 157 Hester Street aka 68-80 Elizabeth Street, First Floor and Basement, New York, New York 10013, by regular first class mail, by depositing a copy of same, enclosed in a prepaid properly addressed wrapper, in an official depository under the exclusive custody and care of the United States Postal Service within New York State.

7. In addition, On Thursday, May 10, 2012, I mailed a copy of the TEN(10) DAY NOTICE TO QUIT to Hong Kong Supermarket, Inc., 157 Hester Street, New York, New York 10013, by Certified Mail, return receipt requested, by enclosing same in a prepaid properly addressed wrapper bearing a domestic return receipt, Article Number 7160 3901 9845 9534 1018, and by delivering it to an employee of the United States Postal Service within New York State.

8. In addition, On Thursday, May 10, 2012, I mailed a copy of the TEN(10) DAY NOTICE TO QUIT to First Pharmaceutical Corp., d/b/a ABC Pharmacy, 82 Elizabeth Street, New York, New York 10013, by regular first class mail, by depositing a copy of same, enclosed in a prepaid properly addressed wrapper, in an official depository under the exclusive custody and care of the United States Postal Service within New York State.

9. In addition, On Thursday, May 10, 2012, I mailed a copy of the TEN(10) DAY NOTICE TO QUIT to First Pharmaceutical Corp. dba ABC Pharmacy, 82 Elizabeth Street, New York, New York 10013, by Certified Mail, return receipt requested, by enclosing same in a prepaid properly addressed wrapper bearing a domestic return receipt, Article Number 7160 3901 9845 9534 1001, and by delivering it to an employee of the United States Postal Service within New York State.

10. In addition, On Thursday, May 10, 2012, I mailed a copy of the TEN(10) DAY NOTICE TO QUIT to Hong Kong Supermarket of Hester Street Corp., 56-72 49th Place, Maspeth, New York, 11378, by regular first class mail, by depositing a copy of same, enclosed in a prepaid properly addressed wrapper, in an official depository under the exclusive custody and care of the United States Postal Service within New York State.

11. In addition, On Thursday, May 10, 2012, I mailed a copy of the TEN(10) DAY NOTICE TO QUIT to Hong Kong Supermarket of Hester Street Corp., Inc., 56-72 49th Place, Maspeth, New York, 11378, by Certified Mail, return receipt requested, by enclosing same in a prepaid properly addressed wrapper bearing a domestic return receipt, Article Number 7160 3901 9845 5612 3387, and by delivering it to an employee of the United States Postal Service within New York State.

12. In addition, On Thursday, May 10, 2012, I mailed a copy of the TEN(10) DAY NOTICE TO QUIT to Hong Kong Supermarket of Hester Street Corp. dba Hong Kong Supermarket, 157 Hester Street aka 68-80 Elizabeth Street, First Floor and Basement, New York, New York 10013, by regular first class mail, by depositing a copy of same, enclosed in a prepaid properly addressed wrapper, in an official depository under the exclusive custody and care of the United States Postal Service within New York State.

13. In addition, On Thursday, May 10, 2012, I mailed a copy of the TEN(10) DAY NOTICE TO QUIT to Hong Kong Supermarket of Hester Street Corp. dba Hong Kong Supermarket, 157 Hester Street aka 68-80 Elizabeth Street, First Floor and Basement, New York, New York 10013, by Certified Mail, return receipt requested, by enclosing same in a prepaid properly addressed wrapper bearing a domestic return receipt, Article Number 7160 3901 9845

9534 1216, and by delivering it to an employee of the United State Postal Service within New York State.

14. In addition, On Thursday, May 10, 2012, I mailed a copy of the TEN(10) DAY NOTICE TO QUIT to Hong Kong Supermarket of Hester Street Corp. 56-72 49ᵗʰ Avenue, Maspeth, New York 11378, by regular first class mail, by depositing a copy of same, enclosed in a prepaid properly addressed wrapper, in an official depository under the exclusive custody and care of the United States Postal Service within New York State.

15. In addition, On Thursday, May 10, 2012, I mailed a copy of the TEN(10) DAY NOTICE TO QUIT to Hong Kong Supermarket of Hester Street Corp. 56-72 49ᵗʰ Avenue, Maspeth, New York 11378, by Certified Mail, return receipt requested, by enclosing same in a prepaid properly addressed wrapper bearing a domestic return receipt, Article Number 7160 3901 9845 5612 3356, and by delivering it to an employee of the United States Postal Service within New York State.

16. In addition, on Thursday, May 10, 2012, I mailed a copy of the TEN (10) DAY NOTICE TO QUIT to Hong Kong Supermarket, Inc. 56-72 49ᵗʰ Avenue, Maspeth, New York 11378, by regular first class mail, by depositing a copy of same, enclosed in a prepaid properly addressed wrapper, in an official depository under the exclusive custody and care of the United States Postal Service within New York State.

17. In addition, on Thursday, May 10, 2012, I mailed a copy of the TEN (10) DAY NOTICE TO QUIT to Hong Kong Supermarket, Inc. 56-72 49ᵗʰ Avenue, Maspeth, New York 11378, by Certified Mail, return receipt requested, by enclosing same in a prepaid properly addressed wrapper bearing a domestic return receipt, Article Number 7160 3901 9845 9534

1155, and by delivering it to an employee of the United States Postal Service within New York State.

18.    In addition, on Thursday, May 10, 2012, I mailed a copy of the TEN (10) DAY NOTICE TO QUIT to Hong Kong Supermarket, Inc. 56-72 49th Place, Maspeth, New York 11378, by regular first class mail, by depositing a copy of same, enclosed in a prepaid properly addressed wrapper, in an official depository under the exclusive custody and care of the United States Postal Service within New York State.

19.    In addition, on Thursday, May 10, 2012, I mailed a copy of the TEN (10) DAY NOTICE TO QUIT to Hong Kong Supermarket, Inc. 56-72 49th Place, Maspeth, New York 11378, by Certified Mail, return receipt requested, by enclosing same in a prepaid properly addressed wrapper bearing a domestic return receipt, Article Number 7160 3901 9845 9534 1148, and by delivering it to an employee of the United States Postal Service within New York State.

MICAH DOOLEY

Sworn to before me this
15th day of May, 2012

Notary Public

ROGER GARAY
Notary Public, State of New York
No. 01GA6196183
Qualified in Queens Bronx County
Commission Expires June 11, 2015

Civil Court of the City of New York
111 Centre Street
New York, New York 10013
=====================================

Register #: N5 Transaction No.: 967341

Index Number: 78046 NYT 2012

FEES: $45.00 Paid          July 25, 2012
           Check-N.D.
      Recovers Of Real Property


        PRP: 07-25-12 JB  14:32
KEEP THIS RECEIPT WITH YOUR COURT PAPERS

EXHIBIT "2" AS PART OF EXHIBIT "4" –
NOTICE OF REMOVAL OF L & T ACTION

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: LANDLORD-TENANT

-----------------------------------------------------------------X

DEAN K. FONG, ESQ.,
as Receiver of the Property of Philip Wu,

                  Petitioner-Landlord,

- against -

HONG KONG SUPERMARKET, INC.,
and HONG KONG SUPERMARKET OF HESTER
STREET CORP. d/b/a HONG KONG SUPERMARKET,

                  Respondent-Tenant,

- and -

John Doe and John Doe Corp. 1-100,
and John Doe and Jane Doe 1-100,

                  Respondents-Undertenants.

-----------------------------------------------------------------X

Index No.
L&T 74045/2012

**VERIFIED ANSWER**

Respondents HONG KONG SUPERMARKET, INC., ("HKS INC."), and HONG KONG SUPERMARKET OF HESTER STREET CORP. d/b/a HONG KONG SUPERMARKET, ("HKS HESTER STREET"), (together, the "Respondents"), as and for their Answer to Petitioners' Holdover Petition, state as follows:

1.     As and for an answer to paragraph "1", Respondents state that the Orders of Appointment speak for themselves, and hence, Respondents refer to same for their import and meaning, but otherwise deny any conclusions of law.

2.     Respondents deny the allegations set forth in paragraph "2", and refer all questions of law to a determination by this Court.

3.     Respondents admit the allegations contained in paragraph "3".

4.     Respondents deny the allegations set forth in paragraph "4" as they relate to HKS INC., but admit same as they relate to HKS HESTER STREET.

5.     Respondents admit the allegations contained in paragraph "5".

1

6. Respondents deny the allegations set forth in paragraph "6", and refer all questions of law to a determination by this Court.

7. Respondents deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7".

8. Respondents deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8".

9. Respondents deny the allegations set forth in paragraph "9" inasmuch as Petitioner fails to define the "Premises" in the Holdover Petition, but admit that the purported address referenced paragraph "8" would be situated within the territorial jurisdiction of this Honorable Court.

10. Respondents deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10".

11. Respondents deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11".

12. Respondents deny the allegations contained in paragraph "12".

13. Respondents deny the allegations contained in paragraph "13".

14. Respondents deny the allegations set forth in paragraph "14" as they relate to HKS INC., but admit same as they relate to HKS HESTER STREET.

15. Respondents admit the allegations contained in paragraph "15".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

16. The Petition fails to state a cause of action upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

17.     This Court lacks personal jurisdiction over Respondents in this action because service of the notice of petition and petition was improper in that it did not comply with the provisions of the Real Property Actions and Proceedings Law, ("RPAPL").

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

18.     Petitioners failed to properly serve Respondents with all predicate notices and this Petition in violation of the lease agreement(s) between Petitioner and Respondents, the RPAPL and this Court's rules.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

19.     This Court lacks subject matter jurisdiction over the causes of action set forth in the Petition.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

20.     The Petition fails to state the bases of the causes of action contained therein with sufficient particularity and specificity.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

21.     Petitioner's claims are barred, in whole or in part, because Petitioner has unclean hands.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

22.     Petitioner's claims are barred, in whole or in part, by the doctrines of waiver, release, ratification, accord and satisfaction and/or estoppel.

3

**WHEREFORE**, Respondents respectfully pray that this Court should dismiss the Holdover Petition against them, discharging them from all alleged liability; and award Respondents their costs and disbursements together with such other and further relief as this Court deems just, necessary and proper.

Dated:      New York, New York
              August 2, 2012

THE LAW FIRM OF HUGH H. MO, P.C.

By: Franklin K. Chiu, Esq.

Attorneys for Respondents
HONG KONG SUPERMARKET, INC.,
and HONG KONG SUPERMARKET
OF HESTER STREET CORP.
d/b/a HONG KONG SUPERMARKET

225 Broadway, Suite 2702
New York, New York 10007
(212) 385-1500
(212) 385-1870 (f)
hhmo8@verizon.net

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: LANDLORD-TENANT
--------------------------------------------------------------------------X
DEAN K. FONG, ESQ.,
as Receiver of the Property of Philip Wu,

Index No.
L&T 74045/2012

Petitioner-Landlord,

**VERIFICATION**
**OF ANSWER**

- against -

HONG KONG SUPERMARKET, INC.,
and HONG KONG SUPERMARKET OF HESTER
STREET CORP. d/b/a HONG KONG SUPERMARKET,

Respondent-Tenant,

- and -

John Doe and John Doe Corp. 1-100,
and John Doe and Jane Doe 1-100,

Respondents-Undertenants.
--------------------------------------------------------------------------X

Franklin K. Chiu, Esq., an attorney admitted to practice in the courts of the State of New

York, affirms that the following statements are true under the penalties of perjury:

I am an associate of The Law Firm of Hugh H. Mo, P.C., the attorneys for Respondents

HONG KONG SUPERMARKET, INC., and HONG KONG SUPERMARKET OF HESTER

STREET CORP. d/b/a HONG KONG SUPERMARKET, in the above-entitled action; I have read

Respondent's foregoing Verified Answer to Holdover Petition, dated August 2, 2012, and know the

contents thereof; the same is true to my own knowledge, except as to matters therein stated upon

information and belief and as to those matters I believe them to be true; the grounds of my belief as

to all matters not stated upon my knowledge are information furnished to me by my client; and, the

reason why the verification is not made by Respondents is that their offices are located at 56-72 49th

Place, Maspeth, New York in Queens County, not in New York County, which is the county where

our offices are located.

Affirmed on August 2, 2012

_____
Franklin K. Chiu

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: LANDLORD-TENANT

----------------------------------------------------------------------X

DEAN K. FONG, ESQ.,
as Receiver of the Property of Philip Wu,

Index No.
L&T 74045/2012

Petitioner-Landlord,

**AFFIRMATION OF SERVICE**

- against -

HONG KONG SUPERMARKET, INC.,
and HONG KONG SUPERMARKET OF HESTER
STREET CORP. d/b/a HONG KONG SUPERMARKET,

Respondent-Tenant,

- and -

John Doe and John Doe Corp. 1-100,
and John Doe and Jane Doe 1-100,

Respondents-Undertenants.

----------------------------------------------------------------------X

Franklin K. Chiu, Esq., an attorney admitted to practice in the courts of the State of New

York, affirms that the following statement is true under the penalties of perjury:

On August 2, 2012, I served the within Respondent's Verified Answer to Holdover

Petition, dated August 2, 2012, by depositing a true copy thereof enclosed in a first class

postpaid wrapper, in a post office or official depository under the exclusive care and custody of

the United States Postal Service within New York State, addressed to the addresses designated

for that purpose or, if none is designated, to the last known addresses as set forth below:

Suzanne M. Berger, Esq.
BRYAN CAVE LLP
1290 Avenue of the Americas
New York, New York 10104

Dated: New York, New York
August 2, 2012

Franklin K. Chiu

EXHIBIT "3" AS PART OF EXHIBIT "4" –
NOTICE OF REMOVAL OF L & T ACTION

## CIVIL COURT OF THE CITY OF NEW YORK
## COUNTY OF NEW YORK    PART ___
### DECISION AND JUDGMENT

INDEX # 074045/2012
JUDGMENT SEQ # 001

DEAN K. FONG, ESQ. AS RECEIVER OF THE PROPERTY OF PHILLIP WU,

Petitioner(s)

AGAINST

HONG KONG SUPERMARKET, INC,
HONG KONG SUPERMARKET OF HESTER STREET CORP DBA HONG KONG, SUPERMARKET,
JOHN DOE AND JOHN DOE CORP. NOS. 1-100,

Respondent(s)

---

**Decision and judgment is** rendered based upon
a decision made after trial as follows:
Judgment of possession is granted in favor of:
DEAN K. FONG, ESQ. AS RECEIVER OF THE PROPERTY OF PHILLIP WU,
and against
HONG KONG SUPERMARKET, INC,
HONG KONG SUPERMARKET OF HESTER STREET CORP DBA HONG KONG, SUPERMARKET,
A counterclaim is granted in favor of the respondent in the amount of    $0.00
(which if not being entered separately, is offset and reflected in the
total amount due, listed below.)

A money judgment is hereby granted, along with cost and disbursements
in the amount of    $0.00 in favor of:
DEAN K. FONG, ESQ. AS RECEIVER OF THE PROPERTY OF PHILLIP WU,
and against
HONG KONG SUPERMARKET, INC,
HONG KONG SUPERMARKET OF HESTER STREET CORP DBA HONG KONG, SUPERMARKET,

for a total amount of $3256000.00

(Monthly use and occupancy is set at    $0.00 per month, as per order,
stipulation or decision in record.)

---

Warrant to issue forthwith

Execution _____

Date _6/12/2013_

Judge, Civil Housing Court

Section 5020(c) of the Civil Practice Law and Rules requires that a satisfaction be filed with the
clerk when the judgment is satisfied. Failure to do so subjects the judgment creditor to penalties.

CIV-LT-50(2006)

HON. JAMES E. d'AUGUSTE

Page 1 of 2

**EXHIBIT "5"**



Suzanne M. Berger
Direct: 212/541-2034
Fax: 212/541-4630
smberger@bryancave.com

July 26, 2013

**BY HAND**

Hon. Matthew F. Cooper
Supreme Court of the State of New York
County of New York
60 Centre Street
New York, New·York

> Re:   Margaret Wu v. Phillip Wu
>        New York County Supreme Court Index No. 300080/09

Dear Justice Cooper:

As you know, I represent Dean K. Fong, Esq., Receiver appointed by Order of this Court dated May 11, 2010, as amended.

I received this morning a letter dated July 22, 2013 addressed to the Court and sent to the Court by Federal Express but sent to me and other counsel only by regular mail.

The Receiver requests that this Court proceed with a conference/hearing on August 6, 2013 on the various matters pending before it, including the Receiver's application for commissions and the undersigned's application for counsel fees.

The Receiver's position is that Queen Elizabeth Realty Corp., in its entirety, is subject to his custody and control pursuant to this Court's Order of Appointment and that the bankruptcy filing, done without his consent, knowledge or authorization, is improper for that reason and others.

However, whether or not Debtor's bankruptcy filing will withstand scrutiny, many of the applications now before this Court are not subject to the automatic stay for a variety of reasons. Among these reasons are that the Receiver's funds consist also of assets collected from other property of Phillip Wu.

Of course, if the Court is inclined to cancel or reschedule the August 6, 2013 conference, we would appreciate prompt notice of any new control date to avoid any unnecessary expenses incurred in preparation for the August 6, 2013 hearing.

Respectfully,

Suzanne M. Berger

SMB:cfo

Bryan Cave LLP
1290 Avenue of the Americas
New York, NY 10104-3300
Tel (212) 541-2000
Fax (212) 541-4630
www.bryancave.com


Bryan Cave Offices
Atlanta
Boulder
Charlotte
Chicago
Colorado Springs
Dallas
Denver
Frankfurt
Hamburg
Hong Kong
Irvine
Jefferson City
Kansas City
London
Los Angeles
New York
Paris
Phoenix
San Francisco
Shanghai
Singapore
St. Louis
Washington, DC

Bryan Cave
International Consulting
A TRADE AND CUSTOMS CONSULTANCY
www.bryancaveconsulting.com
Bangkok
Jakarta
Kuala Lumpur
Manila
Shanghai
Singapore
Tokyo

cc:     Dean K. Fong, Esq.
        Harvey Jacobs, Esq.
        Anthony A. Capetola, Esq.
        Hugh H. Mo, Esq.
        Mark L. Lubelsky, Esq.
        Jonathan Pasternak, Esq.
        Hayes Young, Esq.
        Arlene Boop, Esq.
        (via email)

**EXHIBIT "6"**

# DELBELLO DONNELLAN WEINGARTEN
# WISE & WIEDERKEHR, LLP

COUNSELLORS AT LAW

THOMAS R. BEIRNE
BRIAN T. BELOWICH°
ANN FARRISSEY CARLSON°
JULIE CVEK
ALFRED B. DELBELLO
ALFRED E. DONNELLAN†
ERICA R. FEYNMAN
JANET J. GIRIS▼
FRANK J. HAUPEL
ROBERT HERMANN
DAWN KIRBY°
FAITH G. MILLER
JONATHAN S. PASTERNAK
ROBERT L. RATTET
PATRICK M. REILLY
ELIOT M. SCHUMAN
BRADLEY D. WANK★
MARK P. WEINGARTEN°
EVAN WIEDERKEHR
LEE S. WIEDERKEHR
PETER J. WISE, AICP †

JACOB E. AMIR
JENNIFER M. JACKMAN°
ERIC J. MANDELL
SUSAN CURRIE MOREHOUSE
MICHAEL J. SCHWARZ°
DANIEL G. WALSH
HEIDI WINSLOW

THE GATEWAY BUILDING
ONE NORTH LEXINGTON AVENUE
WHITE PLAINS, NEW YORK 10601

(914) 681-0200
FACSIMILE (914) 684-0288

ANDREW J. BALINT
RICHARD BEMPORAD
GERALD K. GEIST
JAMES B. GLUCKSMAN
BRANDON R. SALL★
DAVID R. SELZNICK & CO., LLP

COUNSEL

°MEMBER OF NY & CT BARS
†MEMBER OF NY & NJ BARS
▲MEMBER OF NY & DC BARS
▼MEMBER OF NY, NJ & MA BARS
★MEMBER OF NY, NJ, CT & FL BARS

July 30, 2013

**Via Federal Express**

Hon. Matthew F. Cooper
Supreme Court, New York County
111 Centre Street, Room 668
New York, New York 10013

> RE:  *Margaret Wu v. Phillip Wu*
> Supreme Court, New York County, Index No. 300080/09
>
> *In re Queen Elizabeth Realty Corp.*
> U.S. Bankruptcy Court, SDNY, Chapter 11 Case No. 13-12335 (SMB)

Dear Judge Cooper:

In furtherance of this firm's letters dated July 17, 2013 and July 22, 2013, I am writing to advise the Court that this firm represents Queen Elizabeth Realty Corp. in its Chapter 11 proceeding filed in the United States Bankruptcy Court, Southern District of New York, on July 17, 2013, Case No. 13-12335 (SMB). This letter is written in response to the letter dated July 26, 2013.

Your Honor appointed Dean K. Fong, Esq. as receiver of the property of Phillip Wu in the above-referenced matrimonial action. Upon information and belief, Mr. Wu's property includes a 1/3 minority shareholder interest in Queen Elizabeth Realty Corp., the Chapter 11 Debtor (the "Debtor"). The Debtor's primary asset is a commercial condominium unit located at 68-82 Elizabeth Street, New York, New York (the "Condominium Unit").

Mr. Fong is taking the position that he can ignore the automatic stay triggered by the Debtor's Chapter 11 filing on the basis of his unilateral assertion that the bankruptcy filing is somehow subject to challenge. Mr. Fong is plainly seeking to sidestep his duties, under 11 U.S.C. §542 to turn over assets of the Debtor that he has collected. The Debtor will seek turnover of those assets in an Adversary Proceeding in the proper court, the United States Bankruptcy Court.

The bankruptcy court has the sole jurisdiction to determine the propriety of a Chapter 11 filing. See, e.g. Matter of Cash Currency Exch., Inc., 762 F.2d 542, 552 (7th Cir. 1985); In re Cent. Mortgage & Trust, Inc., 50 B.R. 1010, 1020 (S.D. Tex. 1985); In re Taub, 438 B.R. 39, 48 (Bankr. E.D.N.Y. 2010). The Court, in Cash Currency, Id. stated: "As the Director concedes, a corporation may not be precluded by state law from availing itself of federal bankruptcy law. International Shoe Co. v. Pinkus, 278 U.S. 261, 49 S.Ct. 108, 73 L.Ed. 318 (1929). Title 11 suspends the operation of state insolvency laws except as to those classes of persons specifically excluded from being debtors under the Code."

See also In re S & S Liquor Mart, Inc., 52 B.R. 226, 227 (Bankr. D.R.I. 1985) ("it is fundamental that a state court receivership proceeding may not operate to deny a corporate debtor access to the federal bankruptcy courts"); In re Taub, 438 B.R. 39, 48 (Bankr. E.D.N.Y. 2010) ("But that is not the end of the analysis. As the *Palmer* court observed, "[w]hile the matrimonial court is uniquely qualified to determine the nature and the extent of that [equitable distribution] entitlement, this court is exclusively authorized to adjudicate the impact of that entitlement upon any property subject to the claims of other creditors of the estate." *In re Palmer,* 78 B.R. 402, 406 (Bankr.E.D.N.Y.1987). *See In re Cole,* 202 B.R. at 362").

The Court in In re Pruitt, 401 B.R. 546, 552-53 (Bankr. D. Conn. 2009) stated:

> In light of the foregoing, and as illustrated by the discussion below, it is patent that, at a minimum, Congress has fully "occupied the field" of debtor-creditor relations in bankruptcy, and that, as such, preemption of state law concepts within bankruptcy cases is now comprehensive. As the Ninth Circuit Court of Appeals has insightfully observed—
>
>> [A] mere browse through the complex, detailed, and comprehensive provisions of the lengthy Bankruptcy Code ... demonstrates Congress's intent to create a *whole system under federal control* which is designed to bring together and adjust all of the rights and duties of creditors and embarrassed debtors alike. While it is true that bankruptcy law makes reference to state law at many points, *the adjustment of rights and duties within the bankruptcy process itself is uniquely and exclusively federal.*
>>
>> *MSR Exploration, Ltd. v. Meridian Oil, Inc.,* 74 F.3d 910, 914 (9th Cir.1996) (emphasis supplied; footnote omitted).
>
> In re Pruitt, 401 B.R. 546, 552-53 (Bankr. D. Conn. 2009)

It is important to note that Mr. Fong's interest as receiver is limited to a minority one-third shareholder interest in the stock of the Chapter 11 Debtor. Yesterday, the Debtor has commenced an Adversary Proceeding in the Bankruptcy Court to determine, inter alia, the extent of Mr.

Fong's interest in the equity of the Debtor-in-Possession and the federally governed rights to manage a debtor-in-possession. See e.g. 11 U.S.C.§§ 1101, 1107 and 1108.

Thus, Mr. Fong cannot simply ignore the pendency of the Chapter 11 proceeding but going forward on August 6, 2013 with regard to any property in which Queen Elizabeth Realty Corp. has any interest.

Bankruptcy Code Section 362(a)(3) provides in pertinent part:

I refer you to Bankruptcy Code §362(a), which states, in pertinent part, that the filing of a petition under Chapter 11 acts as an automatic stay of:

> (1) [T]he commencement or continuation, including the issuance or employment of process of a judicial, administrative or other action or proceeding against the Debtor that was or could have been commenced before the commencement of the case under this title...

> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate...

We have advised the parties that we intend to litigate these issues further in the Bankruptcy Court. In the meantime, it is the Debtor's position that all litigation seeking to sell, dispose of or exercise any control over the property of the Debtor's estate are stayed by the automatic stay provisions of the Bankruptcy Code.

Finally, we reiterate our previously stated position that we take no issue with your Honor's proceeding with respect to any matter that does not involve the property of the Chapter 11 Debtor or control over its property.

Respectfully submitted,

Jonathan S. Pasternak

JP/jbg

cc:    Suzanne Berger, Esq.
       Mark L. Lubelsky, Esq.
       Harvey Jacobs, Esq.